## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

**IN RE:**
**EDWARD F. CROCKER**                                    **CASE NO. 17-11811-JDW**
**DEBTOR**                                                          **CHAPTER 11**

# DISCLOSURE STATEMENT

## INTRODUCTION

Edward F. Crocker (the "Debtor" or the "Debtor-in-Possession") filed a Voluntary Petition

for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code with the United

States Bankruptcy Court for the Northern District of Mississippi on May 16, 2017 (the "Petition

Date").

The Debtor provides this Disclosure Statement to all of the known creditors in this case in

order to disclose information deemed by the Debtor to be material, important and necessary for the

creditors to arrive at a reasonably informed decision in exercising rights to vote for acceptance of

the Plan of Reorganization (the "Plan") filed contemporaneously herewith.

This Disclosure Statement has been prepared by, and is submitted by and on behalf of, the

Debtor.  The Disclosure Statement must be approved by the Court, after notice and a hearing, prior

to solicitation of acceptances for the Plan.

The information contained in this Disclosure Statement is made as of the date hereof, unless

another time is specified.  Neither the delivery of this Disclosure Statement, nor any exchange of

rights and information made in connection herewith, nor any act in reliance hereon, should create

under any circumstances an implication that there has not been a change in the facts underlying the

statements set forth herein.

No representations concerning the Debtor, the extent of his liabilities, the value of his properties and assets, or the value of any distributions offered to Holders of Claims or Investor Interests in connection with the Plan, are authorized except as specifically denominated in this Disclosure Statement.

This Disclosure Statement may not be relied on for any purpose other than to determine how to vote on the Plan, and nothing contained herein will constitute an admission of any fact or liability, or be admissible in any proceeding involving the Debtor or any other party, or be deemed to be advice on the tax or other legal effects of the Plan.

## EXPLANATION OF CHAPTER 11 AND PLAN CONFIRMATION

Chapter 11 is the principal reorganization chapter of the Bankruptcy Code. The formulation and confirmation of a reorganization plan are the primary goals of a Chapter 11 case. A reorganization plan is the vehicle for satisfying, to the extent possible, the Claims against and Interests in the Debtor.

Holders of Claims and Interests whose Claims or Interests are impaired by the Plan are afforded the opportunity to vote to accept or reject the Plan. A Class of Claims or Interests is impaired if the Claims or Interests constituting that Class are not paid in full or if the Claims or Interests are affected by the Plan. The Bankruptcy Court will determine whether the impaired Classes have accepted the Plan by determining whether sufficient acceptances have been received from the Holders of Claims in such Classes. An impaired class of Claims will be determined to have accepted the Plan if the Holders of Allowed Claims in that Class casting votes in favor of the Plan (I) hold at least two-thirds in amount of the Allowed Claims of the Holders in such Class who

2

actually vote on the Plan and (ii) comprise more than one-half the number of Holders of the Allowed Claims in such Class who actually vote on the Plan.

The vote of the Class binds all members of the Class. Thus, if a Class votes to accept the Plan, the provisions of the Bankruptcy Code designed to protect rejecting Classes cannot be invoked even by members of that Class who voted to reject the Plan. Conversely, if a Class rejects the Plan, the member of such Class who voted to accept the Plan will be deprived of the benefits of the Plan if not confirmed. Each subclass is treated as a separate Class for voting purposes.

The Bankruptcy Code does not require that every Class of Claims and Interests vote in favor of the Plan. The Plan, however, must be accepted by at least one Class of Holders of Claims or Interests impaired under the Plan. The Bankruptcy Court may confirm the Plan notwithstanding the rejection of the Plan by one or more Classes of Claims or Interests in what is inelegantly referred to as a "cram-down." The criteria under which the Bankruptcy Court may Confirm the Plan over the objection of one or more Classes of Claims or Interests are set forth in Section 1129(b) of the Bankruptcy Code and, among other requirements, include the requirement that the Bankruptcy Court find, with respect to each Class that does not accept the Plan, that the Plan does not discriminate unfairly against such Class, that the Plan is fair and equitable as to such Class, and that the value or benefits to be distributed to the members of such Class will not be less than the members of that Class would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. The treatment proposed by the Debtor for certain Holders of Claims not accepting the Plan is detailed in another Article of the Plan.

The Debtor believes that the Plan as proposed satisfies all of the statutory requirements imposed by Section 1129 of the Bankruptcy Code. Any objections to the Plan filed and prosecuted

by a party in interest, however, may prevent or delay Confirmation if the Court allows the objection, or appeals of a denial of an objection are pursued.

## ARTICLE I

## DEFINITIONS

Unless otherwise defined, the capitalized terms contained in this Disclosure Statement shall have the same meanings as described in the Plan. All capitalized terms used in this Disclosure Statement not defined herein or in the Plan, but which are defined in the Bankruptcy Code, shall have the respective meanings ascribed in the Bankruptcy Code. All capitalized terms used but not defined in this Disclosure Statement, in the Plan or in the Bankruptcy Code shall have the respective meanings ascribed in the Bankruptcy Rules.

1.  **"Allowed Claim"** means, as against the Debtor:

    (a)    A Claim that has been allowed by final Order of the Bankruptcy Court, or

    (b)    A Claim (I) scheduled as liquidated, undisputed and non-contingent by the Debtor in their Schedules as they may be restated, amended or supplemented, or (ii) timely filed with the Clerk of the Bankruptcy Court against which either there has been no objection made to the allowance thereof within the period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or a Final Order of the Bankruptcy Court, or which has been allowed in whole or in part by a final Order of the Bankruptcy Court after either an objection to the Claim or an amendment of the Schedules.

2.     **"Allowed Secured Claim"** means the Allowed Claim of a Secured Creditor to the extent that it is secured by a lien on property in which the Debtor has an interest as provided in Sections 506(a) and (b) of the Bankruptcy Code.

3.     **"Bankruptcy Code"** or **"Code"** means Title 11 of the United States Code, as amended and effective in the Northern District of Mississippi on the Petition Date and includes, where applicable, the Bankruptcy Rules then in effect.

4.     **"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Northern District of Mississippi exercising jurisdiction over this Chapter 11 reorganization case and any and all proceedings therein.

5.     **"Claim"** is defined in Bankruptcy Code Section 101 (4).

6.     **"Closing"** means the consummation of the transactions contemplated by the Plan.

7.     **"Confirmation"** means the date the Court enters an order confirming this Plan.

8.     **"Creditor"** is defined in Bankruptcy Code Section 101 (9).

9.     **"Debtor"** or **"Debtor-in-Possession"** means Edward F. Crocker.

10.    **"Effective Date of the Plan,"** or **"Effective Date,"** means sixty (60) days after entry of an Order Confirming the Plan of Reorganization in this Chapter 11 case is final and non-appealable.

11.    **"Final Order"** means any order of the Court which is no longer subject to appeal or review.

12.    **"Fully Secured Creditor"** means any Secured Creditor designated as such in the Disclosure Statement whose Allowed Claim is less than the value of the collateral securing its Claim.

5

13.     **"Partially Secured Creditor"** means any Secured Creditor designated as such in this Disclosure Statement whose Allowed Claim is greater than the value of the collateral securing its Claim.

14.     **"Petition Date"** means the date of the filing of the Debtor's petition which was May 16, 2017.

15.     **"Plan"** means a Plan of Reorganization filed by the Debtor and as it may be modified, reinstated and amended from time to time.

16.     **"Pro-Rata"** means the same proportion that a Claim or an Allowed Claim in a particular Class bears to the aggregate amount of all Claims or Allowed Claims in said Class.

17.     **"Reorganized Debtor" or "Debtor-in-Possession"** means the Debtor and this Chapter 11 case after Confirmation and Closing.

18.     **"Schedules"** means the Statement of Financial Affairs and the Schedules of debts and assets filed by the Debtor with the Bankruptcy Court in this Case, as amended, reinstated or supplemented from time to time.

19.     **"Secured Creditor"** means those Creditors which possess valid and perfected liens against any assets of the Debtor, including, but not limited to, fully Secured Creditors and Partially Secured Creditors.

20.     **"Unsecured Claim"** means an Allowed Claim for which no property of the Debtor or the Debtor' estate serves as security or collateral.

21.     **"Unsecured Creditor"** means a person, corporation, partnership or other entity that holds an Unsecured Claim against the Debtor.

## ARTICLE  II

## DESCRIPTION OF THE DEBTOR

### A.    History and Background

After graduating from the University of Tennessee College of Medicine in June, 1982, Debtor was accepted to the general surgery residency program at Ochsner Foundation Hospital in New Orleans, Louisiana (his first choice).  He completed a full 5-year residency in surgery there in June, 1987 and subsequently passed written and oral boards.  He then was accepted to the cardio-thoracic surgical residency at Medical College of Georgia and began in July, 1987.  He completed the cardio-thoracic surgery residency in June, 1989 and subsequently passed written and oral boards in cardio-thoracic surgery.

He joined a group of two cardio-thoracic surgeons in Lake Charles, Louisiana and began practice with them in July, 1989.  He was made a general partner in two (2) years (three (3) years ahead of schedule).   Lake Charles Memorial Hospital bought the practice and he became an employee in 1993.  He practiced there with two (2) partners until 2002.  In the fall of 2002, he moved to Vicksburg, Mississippi, where he developed a new heart program (from scratch) at River Region Medical Center.  He performed the first open heart surgery in Warren County in March, 2003.  He worked there for five (5) years and was recruited and moved to Columbus, Mississippi.  His mission here was to resurrect a "failing" heart program at Baptist Hospital.  He worked hard and dedicated his life to this program for either (8) years as the only cardio-thoracic surgeon in Lowndes County.  He was terminated "without cause" in March, 2016.  He then called the Mississippi Physician's Health Program and volunteered for treatment for pain pill addiction.  He began treatment in March, 2016 and completed it in June, 2016.  He relapsed in September, 2016 and completed a one-month

"relapse" course in Chicago in October, 2016. He had no income for approximately eight (8) months in 2016 and sold all of his assets to pay bills.

He made several poor financial decisions which devastated his finances. He suspected, when he lost his job, he would have to file for bankruptcy due to heavy debt burden. He made the mistake of not taking out, and not estimating, federal income taxes during 2015. Adding to this mistake, he made a significant investment in an oil and gas venture in Texas which turned out to be a complete failure.

Looking back, he made other investing mistakes and suffered major losses in the dot.com crisis of 2002 and more losses in the 2008 financial meltdown. He made a lot of money during these years and borrowed a lot of money. He knows now that he should have sought financial guidance from a professional.

He acquired a job at Noxubee General Hospital in Macon, Mississippi, at the beginning of 2017, practicing emergency medicine. The pay is considerably less than he made over his cardio-thoracic surgery career. Given his age and recent treatment for drug addiction, he is doubtful that he will be a viable candidate for resuming a career in cardio-thoracic and vascular surgery. He signed a five (5) year contract with the MS PHP and undergoes random drug screens.

B.      **Significant Events During the Reorganization.**

A copy of the docket report in this case obtained from PACER is attached hereto and incorporated herein by reference as **Exhibit "A"**. The Debtor is current on all post-petition obligations.

The Debtor has been paying his debts in the ordinary course.

The Debtor is coming current with his current monthly operating reports and U.S. T. fees.

### C.    Assets of the Debtor

The Debtor owns all "avoidance" and "turnover" causes of action granted to a Trustee or

Debtor-in-Possession by the Bankruptcy Code, including, but without limitation, all preferential

transfers, fraudulent conveyances and post-petition avoidance causes of action. The Debtor is still

investigating whether any other causes of action exist, and to the extent that these causes of action

may exist in favor of the Debtor, the Debtor will pursue same and these claims and causes of action

will be pursued post-confirmation.  The Court will retain jurisdiction of any post-confirmation

causes of action which may be pursued.  The Debtor will pursue collection of those payments.

### D.    Liabilities of the Debtor

The Debtor's secured and unsecured liabilities are reflected in Schedules D, E and F copies

of which are attached hereto and incorporated herein by reference as collective **Exhibit "B"**.

## ARTICLE III

## DESCRIPTION OF THE PLAN

### A.    Introduction

The Plan is a legally binding document which imposes its terms on all Creditors.  Once the

Plan is confirmed by the Bankruptcy Court, all parties affected by the Plan have their rights altered

as provided in the Plan.  The following is a brief summary of the material provisions of the Plan.

### B.    Concept of the Plan

The concept of this Plan is relatively simple; as long as the Debtor is physically able to

continue his work as an emergency physician, and as long as that work is available at the rural

hospital where he is employed, he will continue to work there.  While his earnings are not (as

previously stated) remotely close to what he earned in his prior surgery practice, they are enough to allow the Debtor to maintain a reasonable (but certainly not extravagant) lifestyle and sufficient to pay the relatively small amount of secured debt the Debtor owes and the relatively large amount of priority tax debt owed to the IRS by the Debtor. The Debtor will maintain his treatment program as well as he has volunteered to do.

### C.      Classification and Treatment of Claims and Interests

The Plan divides the Claims against and Interests in the Debtor into various Classes pursuant to Bankruptcy Code Section 1122. Set forth below is a description of the general Classes of Claims against and Interests in the Debtor and their treatment under the Plan. A Claim or Interest is classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of the Class and is classified in a different Class to the extent that the Claim or Interest qualifies within the description of that different Class.

| Class 1: | **Administrative Claims** |
|----------|---------------------------|
| Class 2: | **Priority Claims** |
| Class 3: | **Secured Claim of BankFirst Financial Services ("BankFirst")** |
| Class 4: | **Additional Secured Claim of BankFirst** |
| Class 5: | **Secured Claims of Regions Bank ("Regions")** |
| Class 6: | **General Unsecured Creditors** |
| Class 7: | **Equity Interest** |

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS

The Claims as classified in Article III shall be satisfied as follows:

**Class 1:**      **Administrative Claims**

This Class consists of the administrative expenses and claims of professionals and of the United States Trustee under §503(b) of the Bankruptcy Code and all fees and charges assessed against the Debtor under Title 28 of the United States Code.  The compensation of professionals, such as attorneys and accountants, is subject to approval by the Court.  The timing of payment to such professionals for compensation for services rendered and reimbursement of expenses will be made as authorized and allowed by the Court.  The Court will review all requests for compensation and reimbursement of expenses.

All Class 1 expenses and claims for fees will be paid as provided for in future Court Orders, or as may be agreed upon, except that fees due to the Office of the United States Trustee will be paid as and when due until this Case is closed, converted or dismissed.

**Class 2:**      **Priority Claims**

Priority claims will be paid within sixty (60) months from the Effective Date of the Plan, in equal monthly installments of principal and statutory interest so as to fully pay the priority claims over the sixty (60) month amortization period.

**Class 3:**      **Secured Claim of BankFirst**

The secured claims of BankFirst in this Class are secured by a 2005 Hummer H2 automobile. The terms, conditions and treatment of the BankFirst secured claims are set forth in an Agreed Order entered July 31, 2017, a copy of which is attached, incorporated by reference and marked as **Exhibit**

11

"**C**". The terms, conditions, and provisions of the payments to the secured creditor in this Class are controlled by Exhibit "C". Debtor will continue to honor his obligations that are set forth in Exhibit "C" through confirmation until that claim is paid in full.

The secured claims of BankFirst in this Class are impaired.

**Class 4:**     **Additional Secured Claim of BankFirst**

The secured claims of BankFirst Financial Services in this Class are secured by a 2006 BMW automobile. The terms, conditions and treatment of the BankFirst claims are also set forth in the Agreed Order entered July 31, 2017, a copy of which is attached as **Exhibit "C"**. The terms, conditions, and provisions of the payments to the secured creditor in this Class are controlled by Exhibit "C". Debtor will continue to honor his obligations that are set forth in Exhibit "C" through confirmation until that claim is paid in full.

The secured claims of BankFirst Financial Services are impaired.

**Class 5:**     **Secured Claims of Regions**

The secured claims of Regions are secured by the Debtor's residence located at Chickasaw Drive in Columbus, Mississippi. The collateral in this Class (the Debtor's home) has a value of approximately the amount of the debt. Accordingly, the "new" principal of the secured claim of Regions is adjusted to be $375,000.00. In order to satisfy and pay this secured claim, the Debtor will amortize the indebtedness over a twenty (20) year period, with interest at 4.75%, with the principal and interest to be paid in equal monthly installments over the life of the twenty (20) year reamortization of the new principal indebtedness. The first payment shall be made upon the Effective Date. The Debtor will maintain insurance and taxes on the collateral in this Class in a current status.

12

This secured claim is impaired.

**Class 6:        General Unsecured Creditors**

The Debtor will provide his projected disposable income to the unsecured creditors over the sixty (60) month life of the Plan. His projected disposable income will be determined by deducting, from his gross income; reasonable costs of living; current taxes due and owing to local, state and federal authorities; secured debt; administrative expenses; priority debt and sufficient funds for payment of overhead for three (3) months. Upon the anniversary dates of the Effective Date, the Debtor will determine his projected income for the twelve (12) months preceding those dates and disburse it, pro rata, to his unsecured creditors. In addition, the Debtor will make a lump sum payment to his unsecured creditors of $25,000.00 on the Effective Date to be shared among the Unsecured Creditors Class members.

**Class 7:        Equity Interest**

The Debtor shall maintain his "equity" interests he owns in his sole proprietorship.

## ARTICLE V

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

On the Effective Date, each executory contract and/or unexpired lease in which the Debtor is a party that has not been assumed or rejected in conjunction with the Plan before the Confirmation (with the approval of the Court) shall be deemed rejected. Claims created by the rejection of any executory contract or unexpired lease must be served on counsel for the Debtor and filed with the Court no later than sixty (60) days after the entry of a Final Order Confirming the Plan. Any Claim not filed within such time will be forever barred as against the estate and the Debtor. All such Claims arising from the rejection of an executory contract or unexpired lease shall be treated under

the Plan as General, Unsecured Claims (Class 6) under the Plan. All insurance policies under which the Debtor is the insured party shall be deemed assumed as of the Confirmation Date.

## ARTICLE VI

## MODIFICATION OF THE PLAN

The Debtor may amend or modify the Plan at any time prior to the entry of an Order Confirming the Plan without the approval of the Court. Subsequent to the entry of the Confirmation Order, the Debtor may modify the Plan before substantial consummation of the Plan with the approval of the Court.

## ARTICLE VII

## WITHDRAWAL OF THE PLAN

The Debtor reserves the right to revoke and withdraw the Plan as the plan of reorganization for the Chapter 11 case, at any time prior to the Confirmation Date if conditions set forth in the Plan cannot be satisfied for any reason after the Confirmation Date, at any time up to the Effective Date. If the Debtor revokes or withdraws the Plan prior to the Confirmation Date, then the Plan shall be deemed null and void.

## ARTICLE VIII

## RETENTION OF JURISDICTION

Subsequent to Confirmation of the Plan, the Court will retain jurisdiction to hear and determine all Claims against the Debtor and to hear and to enforce all causes of action which exist on behalf the Debtor, including, without limitation, all turnover and avoidance causes of action granted to the Debtor and that will be owned and possibly pursued by the Debtor, post-confirmation under the Bankruptcy Code. The Court will also retain jurisdiction to construe and apply the

14

provisions of the Plan, including the administration and implementation of the Plan, to enter orders in aid of consummation of the Plan, to effectuate the abandonment of assets, if necessary, to issue any orders in connection with the Plan in these proceedings, to hear and decide applications for compensation and reimbursement of expenses, to resolve objections to Claims, adversary proceedings, and matters pending independently of the Plan and to close the Chapter 11 case.

## ARTICLE IX

## LIQUIDATION ANALYSIS & FEASIBILITY

### A.    Feasibility of the Plan

The Debtor believes that his Plan is feasible.  His major source of income is derived from his services as a physician at a local, but rural, hospital.  It goes without saying that many rural hospitals are struggling, financially, to make ends meet as a result of drastic reductions in reimbursements from federal and state authorities, reductions in payments from insured patients, the growing number of indigent patients (many of whom are emergency room patients of the Debtor) and numerous other factors that are causing many rural hospitals to cut back on services, close or file bankruptcy.  Accordingly, the Debtor assumes that the local, rural hospital from which he derives his income will remain stable, and a stable source of income.  In addition, the Debtor assumes that only his base salary will be stable and available to him, so he uses only his base salary as a projection for determining feasibility of the Plan and creditor payments.

While Debtor's secured debt obligations are not overwhelming, when combined with the income tax obligations that he must pay, things look drastically different.  However, so long as the Debtor remains healthy, and his source of income remains stable, the Plan is feasible.

15

### B.    Liquidation Analysis

The values assigned to the automobile personal property held by Debtor are relatively close to liquidation values as stated and the Debtor does not believe that they would liquidate for substantially less than the values as stated in the Schedules and in the Agreed Order that Debtor entered into with BankFirst.  The Debtor's home, on the other hand, is a completely different story. The housing market in and around the Debtor's area will not support a $375,000.00 home. Accordingly, the Debtor estimates that if the home is foreclosed upon, the secured creditor that has the mortgage on the home will be forced to "hold" the home for periods of up to twelve (12) to twenty-four (24) months.  If the foreclosing creditor is fortunate enough to secure a purchaser for the home, Debtor does not believe that it will be for more than $250,000.00, and more likely it will be closer to $200,000.00 - that is, if a viable purchaser even surfaces.

In addition, in a liquidation, Debtor's salary is not property of the Chapter 7 estate and the Debtor would not use it to repay general, unsecured creditors.  The taxing authorities would be forced to garnish the Debtor's wages and could only receive 25% of his net, take home pay - a sum substantially less than they will receive under the Plan of Reorganization and over the sixty (60) month life of the Plan.

Accordingly, the liquidation analysis in this particular case is bleak.

### C.    Plan Alternatives

In an individual Chapter 11 case, the Debtor's post petition income is property of the estate. As previously noted, that is not true if the Debtor converts to a Chapter 7 case.  Here, the Debtor is voluntarily subjecting his Chapter 11 income to fund the claims of unsecured creditors, a voluntary choice he would not have to make if this case converted to Chapter 7.  Obviously, because of the

16

unsecured debt load, the Debtor needed relief in the Bankruptcy Court of some sort. While the Debtor has voluntarily elected to stay in Chapter 11 in order to repay some of his unsecured debt, his plan alternative if this does not work would be to convert to a Chapter 7, leaving the unsecured creditors without any meaningful payment from future income.

## ARTICLE X

## TAX CONSEQUENCES

### A.    General

Under the Internal Revenue Code of 1986, as amended (the "Tax Code") and regulations promulgated thereunder (the "Regulations"), there are certain significant federal income tax consequences associated with the Plan. Certain of these consequences are discussed below. The tax consequences described below are subject to significant uncertainties because of (I) the complexity of the transactions contemplated by the Plan; (ii) the uncertainty as to the tax consequences of events in prior years, including changes made by the Bankruptcy Tax Act of 1980 ("BTA80"), the Tax Reform Act of 1985 ("TRA85"), the Tax Reform Act of 1986 ("TRA86"), the Omnibus Reconciliation Act of 1987 ("ORA87"), the Technical and Miscellaneous Revenue Act of 1988 ("TAMRA"), the Omnibus Budget Reconciliation Act of 1989 ("OBRA89"), the Revenue Reconciliation Act of 1990 ("RRA90") and the Revenue Reconciliation Act of 1993 ("RRA93"); (iii) the differences in the nature of the Claims of various Claimants, their taxpayer status, residence and methods of accounting (including Claimants within the same Class), (iv) prior actions taken by Claimants with respect to their Claims; and (v) the possibility that events or legislation subsequent to the date hereof could change the federal tax consequences of the transactions. There may also be state, local or foreign tax issues that may affect particular Claimants.

HOLDERS OF CLAIMS AND INTERESTS ARE URGED TO CONSULT THEIR TAX ADVISORS RESPECTING THE INDIVIDUAL TAX CONSEQUENCES OF THE TRANSACTIONS CONTEMPLATED UNDER OR IN CONNECTION WITH THE PLAN, INCLUDING STATE, LOCAL AND FOREIGN TAX CONSEQUENCES.

**B.     Tax Consequences to Claimants**

The tax consequences of the implementation of the Plan to a Claimant will depend in part on (I) whether the Claimant's Claim constitutes a security for federal income tax purposes, (ii) whether the Claimant reports income on the accrual basis, (iii) whether the Claimant receives consideration in more than one tax year, (iv) whether the Claimant is a resident of the United States, and (v) whether all the consideration received by the Claimant is deemed to be received by that Claimant as part of an integrated transaction. The federal tax consequences upon the receipt of Cash and notes allocable to interest are discussed below.

**C.     Gain or Loss on Exchange**

The Debtor does not believe that any of the creditors' Claims will constitute tax securities. Whether a debt instrument constitutes a security is based on the facts and circumstances surrounding the origin and nature of the debt and its maturity date. Generally, claims arising out of the extension of trade credit have been held not to be securities. Instruments with a five-year term or less also rarely constitute securities. Accordingly, a Claimant will recognize gain or loss on the exchange of his existing Claim (other than a Claim for accrued interest) for any consideration. The amount of such gain or loss will equal the difference between (I) the "amount realized" in respect of such Claim and (ii) the adjusted tax basis of the Claimant in such Claim. Pursuant to Section 1001 of the Tax

18

Code, the "amount realized" will be equal to the sum of the Cash plus the fair market value of any other property received in such exchange.

1.     **Receipt of Cash.**  A Claimant who receives cash in full satisfaction of his Claim will be required to recognize gain or loss on the exchange.  The Claimant will recognize gain or less equal to the difference between the "amount realized" in respect of such Claim and the adjusted tax basis of the Claimant in the Claim, and the tax treatment of the exchange will parallel the tax treatment set forth under above.

2.     **Determination of Character of Gain or Loss**.  In the case of a Claimant whose existing Claim does not constitute a capital asset, the gain or loss realized on the exchange will give rise to ordinary income or loss.  In the case of a Claimant whose existing Claim constitutes a capital asset in his hands, the gain or loss required to be recognized will generally be classified as a capital gain or loss, except to the extent of interest.  Any capital gain or loss recognized by a Claimant will be long-term capital gain or loss with respect to those Claims for which the holding period of the Claimant is more than twelve (12) months, and short-term capital gain or loss with respect to such Claims for which the holding period of the Claimant is twelve (12) months or less.

3.     **Receipt of Interest**.  The BTA80 reversed prior law by providing that consideration attributable to accrued but unpaid interest will be treated as ordinary income, regardless of whether the Claimant's existing claims are capital assets in his hands and the exchange is pursuant to a tax reorganization.  A Claimant who, under his accounting method, was not previously required to include in income accrued but

19

unpaid interest attributable to his existing Claims, and who exchanges his interest

Claim for cash, other property or Stock, or a combination thereof, pursuant to the

Plan will be treated as receiving ordinary interest income to the extent of any

consideration so received allocable to such interest, regardless of whether that

Claimant realizes an overall gain or loss as a result of the exchange of his existing

Claims.

**D.      Backup Withholding**

Under the Tax Code, interest, dividends and other "reportable payments" may, under certain

circumstances, be subject to "backup withholding" at a thirty-one percent (31%) rate.  Withholding

generally applies if the holder: (I) fails to furnish his social security number or other taxpayer

identification number ("TIN"), (ii) furnishes an incorrect TIN, (iii) fails to report interest or

dividends, or (iv) under certain circumstances fails to provide a certified statement, signed under

penalty of perjury, that the TIN provided is his correct number and that he is not subject to backup

withholding.

**BECAUSE THE FINAL OUTCOME DEPENDS SO MUCH ON EACH INDIVIDUAL
CLAIMANT'S  SITUATION,  IT  IS  IMPERATIVE  THAT  EACH  CLAIMANT  SEEK
INDIVIDUAL TAX COUNSEL FOR ADVICE ON HIS PARTICULAR SITUATION.**

## ARTICLE XI

### SOLICITATION OF ACCEPTANCES FOR THE PLAN

Although this Disclosure Statement provides information regarding the assets, liabilities and the general financial posture of the Debtor and the potential benefits that might accrue to Holders of Claims and Interests in the Debtor upon Confirmation of the Plan, the Disclosure Statement neither guarantees nor purports to represent the amount or percentage of each Allowed Claim that would be realized under the Plan. Despite this uncertainty, which is inherent in any Plan, the Debtor believes that the Plan will provide each Holder of a Claim with an opportunity to receive greater benefits than any other alternative.

As explained more fully herein above, before the Plan may be confirmed by the Court, the Court must find that the criteria set forth in the Bankruptcy Code have been met, including the requirement that the Plan must be accepted by an impaired Class.

## ARTICLE XII

### INVALIDATION OF LIENS AND DISCHARGE

All liens securing Claims which are not Allowed pursuant to the provisions of the Plan or Bankruptcy Code Sections 502 and 506 shall be invalidated and deemed null and void and of no further force and effect. The provisions of the confirmed Plan shall bind all Creditors and parties in interest, whether or not they accept the Plan and shall discharge the Debtor from all claims that arose prior to Confirmation. The distributions provided under the Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims and Interests regarding any of the Debtor's assets or properties, including Claims arising after the date of filing of the Petition and prior to Confirmation. Unless otherwise specifically provided to the contrary herein or in the

21

Confirmation Order, on or after Confirmation, all Holders of Claims or Interests shall be precluded from asserting any Claim against the Debtor or his assets or properties.

The Debtor shall not receive a discharge until all payments have been completed under the sixty (60) month "life" of the Plan.

However, the Debtor may close this Chapter 11 case prior to the full 60 month life of the Plan. Upon completion of the plan payments, the Debtor shall move to reopen the case for the purpose of obtaining his discharge, but the Debtor will not be required to pay a filing fee upon reopening of the case, nor will he be required to file monthly operating reports or pay fees to the Office of the United States Trustee for the limited period of time he will be seeking his discharge after reopening the case.

### ARTICLE XII

### UNITED STATES TRUSTEE'S REPORTS & FEES

The Debtor's proposed Plan, pursuant to 28 U.S.C. §1930(a)(6), provides payment to the United States Trustee of the appropriate sums required for all disbursements made by the Debtor during the Chapter 11 proceeding. In addition, the proposed Plan provides that the Debtor will make payments to the United States Trustee of the appropriate sums required for all disbursements made by the Debtor pursuant to the terms of the proposed Plan, including the payment of post-confirmation quarterly fees as required by 11 U.S.C. § 1129(a)(12) until such time as this case is converted, dismissed or closed by the Court. Additionally, the Debtor shall submit to the U.S. Trustee post confirmation monthly operating reports in the format prescribed by the U.S. Trustee until such time as this case is converted, dismissed or closed by the Court.

22

## ARTICLE XIII

## CONCLUSION

In order for the Bankruptcy Court to confirm the Plan, the Code requires, among other things, that the Plan be proposed in good faith; that the Debtor disclose specified information concerning payments or promises to insiders; that the Plan comply with the applicable provisions of Chapter 11 of the Bankruptcy Code; that, if there is one impaired Class of Creditors, at least one impaired Class of Claims accepts the Plan; that Confirmation of the Plan is not likely to be followed by the need for further reorganization or liquidation of the Reorganized Debtor; that the Plan is in the best interest of each dissenting Creditor and that the Plan is fair and equitable to, and does not discriminate unfairly against, each non-accepting Class of impaired Claims.   The Debtor believes that each requirement has been met, and the Debtor urges you to accept the Plan.

This, the _____ day of July, 2018.

Respectfully submitted,

EDWARD F. CROCKER

By His Attorneys,
LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
jnichols@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Crocker, Ed\DS,Plan\Disclosure Statement 7-6-18.wpd

23

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Sammye S. Tharp, Esq.
Office of the United States Trustee
Sammye.S.Tharp@usdoj.gov

THIS, the _9th_ day of July, 2018.

Craig M. Geno

PlnDue, DsclsDue

# U.S. Bankruptcy Court
## Northern District of Mississippi (Aberdeen)
## Bankruptcy Petition #: 17-11811-JDW

| | |
|---|---|
| | *Date filed:* 05/16/2017 |
| *Assigned to:* Judge Jason D. Woodard | *341 meeting:* 07/13/2017 |
| Chapter 11 | *Deadline for filing claims:* 09/13/2017 |
| Voluntary | *Deadline for filing claims (govt.):* 11/13/2017 |
| Asset | *Deadline for objecting to discharge:* 09/11/2017 |

**Debtor**
**Edward F. Crocker**
1636 Chickasaw Drive
Columbus, MS 39705
LOWNDES-MS
SSN / ITIN: xxx-xx-6650

represented by **Craig M. Geno**
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048
Email: cmgeno@cmgenolaw.com

**U.S. Trustee**
**U. S. Trustee**
501 East Court Street, Suite 6-430
Jackson, MS 39201
601-965-5241

represented by **Sammye S. Tharp**
501 East Court Street
Suite 6-430
Jackson, MS 39201
601-965-4142
Email: Sammye.S.Tharp@usdoj.gov

**Creditor Committee**
**Guidestone Financial Resources**
2401 Cedar Springs Road
Dallas, TX 75201-1498

| **Filing Date** | **#** | **Docket Text** |
|---|---|---|
| 05/16/2017 | <u>1</u> <br>(7 pgs) | Chapter 11 Voluntary Petition Individual . Chapter 11 Plan due by 09/13/2017. Disclosure Statement due by 09/13/2017. Government Proof of Claim due by 11/13/2017. Non-Government Proofs of Claims due by 9/13/2017.(Geno, Craig) Modified on 5/17/2017 to remove ddl for HC Business/Ombudsman. (Barker, Carrie). (Entered: 05/16/2017) |



EXHIBIT
"A"

7/9/2018, 11:11 AM

| 05/16/2017 | | Receipt of filing fee for Voluntary Petition (Chapter 11)(17-11811) [misc,volp11a] (1717.00). Receipt number 6889361, amount $1717.00. (U.S. Treasury) (Entered: 05/16/2017) |
|---|---|---|
| 05/16/2017 | 2 (1 pg) | Certificate of Credit Counseling Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 05/16/2017) |
| 05/16/2017 | 3 | Official Form 121 Statement about your Social Security Number Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 05/16/2017) |
| 05/17/2017 | 4 (1 pg) | Order and Notice of Deficiency in Re: . List of all creditors due 5/30/2017. Statement of Financial Affairs due 5/30/2017. Atty Disclosure Statement due 5/30/2017. Verification of Matrix due 5/30/2017. Summary of Assets and Liabilities due 5/30/2017. Schedule A/B due 5/30/2017. Schedule C due 5/30/2017. Schedule D due 5/30/2017. Schedule E/F due 5/30/2017. Schedule G due 5/30/2017. Schedule H due 5/30/2017. Schedule I due 5/30/2017. Schedule J (and J-2 If Applicable) due 5/30/2017.Chapter 11 Statement of Current Monthly Income Form 122B due by 5/30/2017. 20 Largest Unsecured Creditors due 5/30/2017. Deficiency or Objection to Case Dismissal due by 5/30/2017. Entered on Docket by: (CJH) (Entered: 05/17/2017) |
| 05/17/2017 | 5 (1 pg) | Order for Segregation of Tax Deposits. . Entered on Docket by: (CJH) (Entered: 05/17/2017) |
| 05/19/2017 | 6 (2 pgs) | BNC Certificate of Service No. of Notices: 1. Notice Date 05/19/2017. (Related Doc # 4) (Admin.) (Entered: 05/19/2017) |
| 05/19/2017 | 7 (2 pgs) | BNC Certificate of Service No. of Notices: 1. Notice Date 05/19/2017. (Related Doc # 5) (Admin.) (Entered: 05/19/2017) |
| 05/23/2017 | 8 (2 pgs) | Notice of Appearance and Request for Notice by Natalie K. Brown Filed by Natalie K. Brown on behalf of Regions Bank. (Brown, Natalie) (Entered: 05/23/2017) |

| 05/30/2017 | <u>9</u><br>(3 pgs) | Motion To Extend Time *to File Required Documents* Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 05/30/2017) |
|---|---|---|
| 05/30/2017 | <u>10</u><br>(1 pg) | Disclosure of Compensation of Attorney for Debtor Filed by Craig M. Geno on behalf of Edward F. Crocker RE: (related document(s)<u>4</u> Order and Notice of Deficiency). (Geno, Craig) (Entered: 05/30/2017) |
| 05/30/2017 | <u>11</u><br>(6 pgs) | Application to Employ Law Offices of Craig M. Geno, PLLC as Attorneys for the Debtor Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 05/30/2017) |
| 05/31/2017 | <u>12</u><br>(1 pg) | Hearing Set On (RE: related document(s) <u>11</u> Application to Employ Law Offices of Craig M. Geno, PLLC as Attorneys for the Debtor Filed by Craig M. Geno on behalf of Edward F. Crocker.). The Hearing date is scheduled for 7/18/2017 at 10:00 AM at Cochran U.S. Bankruptcy Courthouse. Responses due by 6/27/2017. Entered on Docket by: (ALD) (Entered: 05/31/2017) |
| 05/31/2017 | <u>13</u><br>(1 pg) | Order Directing Craig M. Geno to File a Certificate of Service (Re: <u>11</u> Application to Employ filed by Debtor Edward F. Crocker, <u>12</u> Hearing Set (Document)). File certificate of service by 6/12/2017. Entered on Docket by: (ALD) (Entered: 05/31/2017) |
| 06/01/2017 | <u>14</u><br>(5 pgs) | Certificate of Service Filed by Craig M. Geno on behalf of Edward F. Crocker RE: (related document(s)<u>11</u> Application to Employ filed by Debtor Edward F. Crocker, <u>12</u> Hearing Set (Document)). (Geno, Craig) (Entered: 06/01/2017) |
| 06/01/2017 | <u>15</u><br>(2 pgs) | Notice of Appearance and Request for Notice by Hal H. H. McClanahan III Filed by Hal H. H. McClanahan III on behalf of Patricia M Kaye. (McClanahan, Hal) (Entered: 06/01/2017) |
| 06/01/2017 | <u>16</u><br>(6 pgs; 2 docs) | CAUTION: INCORRECT EVENT SELECTION. SEE ENTRY <u>17</u> FOR CORRECTION. Motion *to Lift Automatic Stay* Filed by Hal H. H. McClanahan III on behalf of Patricia M Kaye. (Attachments: # <u>1</u> Attached Declaration Page) (McClanahan, Hal) Modified on |

| | | |
|---|---|---|
| | | 6/5/2017 (Barker, Carrie). (Entered: 06/01/2017) |
| 06/02/2017 | | CLERK'S REQUEST FOR CORRECTIVE ACTION. Failure to correct the deficiency(ies) as stated within 2 days from the date of this request may result in the filed item being dismissed or stricken. **Selected Event Does Not Match PDF Image. THE FILER IS DIRECTED TO REFILE THE PLEADING USING THE CORRECT EVENT.** (RE: related document(s)16 Generic Motion filed by Creditor Patricia M Kaye). Corrective Action due by 6/5/2017. Entered on Docket by: (VSD) (Entered: 06/02/2017) |
| 06/02/2017 | 17 (6 pgs; 2 docs) | Motion for Relief from Stay . Filed by Hal H. H. McClanahan III on behalf of Patricia M Kaye. **Objections to Motion for Relief from Stay due by 06/23/2017.** (Attachments: # 1 Declaration Page) (McClanahan, Hal) (Entered: 06/02/2017) |
| 06/02/2017 | | Receipt of filing fee for Motion for Relief From Stay(17-11811-JDW) [motion,mrlfsty] ( 181.00). Receipt number 6919523, amount $ 181.00. (U.S. Treasury) (Entered: 06/02/2017) |
| 06/02/2017 | 18 (3 pgs) | Response Filed by Sammye S. Tharp on behalf of U. S. Trustee (RE: related document(s)9 Motion to Extend/Shorten Time filed by Debtor Edward F. Crocker). (Tharp, Sammye) (Entered: 06/02/2017) |
| 06/05/2017 | 19 (1 pg) | Hearing Set On (RE: related document(s) 17 Motion for Relief from Stay . Filed by Hal H. H. McClanahan III on behalf of Patricia M Kaye. **Objections to Motion for Relief from Stay due by 06/23/2017.** (Attachments: # 1 Declaration Page)). The Hearing date is scheduled for 7/18/2017 at 10:00 AM at Cochran U.S. Bankruptcy Courthouse. Entered on Docket by: (AOH) (Entered: 06/05/2017) |
| 06/05/2017 | 20 (1 pg) | Interlocutory Order Extending Automatic Stay (Re: 17 Motion for Relief From Stay filed by Creditor Patricia M Kaye). Entered on Docket by: (AOH) (Entered: 06/05/2017) |
| 06/05/2017 | 21 | Notice of Appearance and Request for Notice by James |

| | | |
|---|---|---|
| | (3 pgs) | P. Wilson Jr. Filed by James P. Wilson Jr. on behalf of BankFirst Financial Services. (Wilson, James) (Entered: 06/05/2017) |
| 06/05/2017 | 22 (2 pgs) | Verification of Matrix, Creditor Matrix Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 06/05/2017) |
| 06/05/2017 | 23 (10 pgs) | Certificate of Service Filed by Hal H. H. McClanahan III on behalf of Patricia M Kaye RE: (related document(s)19 Hearing Set (Document)). (McClanahan, Hal) (Entered: 06/05/2017) |
| 06/06/2017 | 24 (2 pgs) | Notice of Appearance and Request for Notice by Amanda M. Beckett Filed by Amanda M. Beckett on behalf of Regions Bank. (Beckett, Amanda) (Entered: 06/06/2017) |
| 06/06/2017 | 25 (1 pg) | Order Granting Motion to Extend Time to File Documents. DDL 6/14/2017. Matrix and Verification due 6/8/2017. (Related Doc # 9) Entered on Docket by: (CHH) (Entered: 06/06/2017) |
| 06/06/2017 | | Missing Documents Deadlines Updated (RE: related document(s)4 Order and Notice of Deficiency). Entered on Docket by: (CHH) (Entered: 06/06/2017) |
| 06/06/2017 | | Correction of Deficient Filing (RE: related document(s) Clerk's Request for Corrective Action). Attorney re-filed Motion #16 at #17. Entered on Docket by: (CHH) (Entered: 06/06/2017) |
| 06/07/2017 | 26 (2 pgs) | Meeting of Creditors Chapter 11. 341(a) meeting to be held on 7/13/2017 at 11:30 AM at Cochran U.S. Bankruptcy Courthouse. Last day to oppose discharge or dischargeability is 9/11/2017. (Tharp, Sammye) (Entered: 06/07/2017) |
| 06/08/2017 | 27 (2 pgs) | BNC Certificate of Service No. of Notices: 1. Notice Date 06/08/2017. (Related Doc # 25) (Admin.) (Entered: 06/09/2017) |
| 06/10/2017 | 28 (4 pgs) | BNC Certificate of Service No. of Notices: 10. Notice Date 06/10/2017. (Related Doc # 26) (Admin.) (Entered: |

| | | 06/10/2017) |
|---|---|---|
| 06/12/2017 | <u>29</u><br>(3 pgs) | Response Filed by Craig M. Geno on behalf of Edward F. Crocker (RE: related document(s)<u>17</u> Motion for Relief From Stay filed by Creditor Patricia M Kaye). (Geno, Craig) (Entered: 06/12/2017) |
| 06/13/2017 | <u>30</u><br>(18 pgs) | Motion for Relief from Stay ., in addition to Motion to Abandon *Property from Debtor's Estate or, in the Alternative, for Adequate Protection.* Filed by James P. Wilson Jr. on behalf of BankFirst Financial Services. **Objections to Motion for Relief from Stay due by 07/5/2017.** (Wilson, James) (Entered: 06/13/2017) |
| 06/13/2017 | | Receipt of filing fee for Motion for Relief From Stay(17-11811-JDW) [motion,mrlfsty] ( 181.00). Receipt number 6940824, amount $ 181.00. (U.S. Treasury) (Entered: 06/13/2017) |
| 06/14/2017 | <u>31</u><br>(2 pgs) | Motion to Continue Hearing Filed by Craig M. Geno on behalf of Edward F. Crocker (RE: related document(s)<u>19</u> Hearing Set (Document)). (Geno, Craig) (Entered: 06/14/2017) |
| 06/14/2017 | <u>32</u><br>(1 pg) | Hearing Set On (RE: related document(s) <u>30</u> Motion for Relief from Stay ., in addition to Motion to Abandon *Property from Debtor's Estate or, in the Alternative, for Adequate Protection.* Filed by James P. Wilson Jr. on behalf of BankFirst Financial Services. **Objections to Motion for Relief from Stay due by 07/5/2017.**). The Hearing date is scheduled for 7/18/2017 at 10:00 AM at Cochran U.S. Bankruptcy Courthouse. Entered on Docket by: (AOH) (Entered: 06/14/2017) |
| 06/14/2017 | <u>33</u><br>(1 pg) | Interlocutory Order Extending Automatic Stay (Re: <u>30</u> Motion for Relief From Stay filed by Creditor BankFirst Financial Services, Motion to Abandon). Entered on Docket by: (AOH) (Entered: 06/14/2017) |
| 06/14/2017 | <u>34</u><br>(3 pgs) | Second Motion To Extend Time *to File Required Documents* Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 06/14/2017) |
| 06/19/2017 | <u>35</u> | LETTER by Guidestone Financial Resources . Entered |

| | (1 pg) | on Docket by: (CHH) (Entered: 06/19/2017) |
|---|---|---|
| 06/19/2017 | [36](1 pg) | Order Granting Motion to Extend Time to File Documents. (Related Doc # [34]) Entered on Docket by: (CHH) (Entered: 06/19/2017) |
| 06/19/2017 | | Missing Documents Deadlines Updated (RE: related document(s)[4] Order and Notice of Deficiency). Entered on Docket by: (CHH) (Entered: 06/19/2017) |
| 06/20/2017 | [37](1 pg) | Order Denying as Moot Motion To Continue/Reschedule Hearing (Related Doc # [31]) [17] Motion for Relief From Stay filed by Creditor Patricia M Kaye Entered on Docket by: (CHH) (Entered: 06/20/2017) |
| 06/20/2017 | [38](1 pg) | Order Granting Motion For Relief From Stay (Related Doc # [17]) Entered on Docket by: (CHH) (Entered: 06/20/2017) |
| 06/21/2017 | [39](2 pgs) | Motion to Continue Hearing Filed by Craig M. Geno on behalf of Edward F. Crocker (RE: related document(s)[30] Motion for Relief From Stay filed by Creditor BankFirst Financial Services, Motion to Abandon). (Geno, Craig) (Entered: 06/21/2017) |
| 06/21/2017 | [40](2 pgs) | Document Filed by Craig M. Geno on behalf of Edward F. Crocker RE: (related document(s)[35] Document filed by Creditor Committee Guidestone Financial Resources). (Geno, Craig) (Entered: 06/21/2017) |
| 06/21/2017 | [41](2 pgs) | BNC Certificate of Service No. of Notices: 1. Notice Date 06/21/2017. (Related Doc # [36]) (Admin.) (Entered: 06/21/2017) |
| 06/22/2017 | [42](1 pg) | The court hereby orders and directs Craig M. Geno to submit a proposed order (Re: [39] Motion to Continue/Reschedule Hearing filed by Debtor Edward F. Crocker). Order Due by 7/6/2017 Entered on Docket by: (CJH) (Entered: 06/22/2017) |
| 06/22/2017 | [43](2 pgs) | BNC Certificate of Service No. of Notices: 2. Notice Date 06/22/2017. (Related Doc # [37]) (Admin.) (Entered: 06/23/2017) |

| 06/22/2017 | [44](2 pgs) | BNC Certificate of Service No. of Notices: 2. Notice Date 06/22/2017. (Related Doc # 38) (Admin.) (Entered: 06/23/2017) |
| 06/26/2017 | [45](11 pgs) | Application to Employ Scott K. Perkins as Accountant Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 06/26/2017) |
| 06/26/2017 | [46](25 pgs) | Declaration About Individual Debtor's Schedules , Summary of Assets and Liabilities Schedules for Individual , Schedule A/B: Property Individual , Schedule C , Schedule D: Creditors Having Claims Secured by Property - Individual. , Schedule E/F: Creditors Who Have Unsecured Claims - Individual. , Schedule G: Individual- Executory Contracts and Unexpired Leases , Schedule H: Individual- Codebtors , Schedule I: Individual- Your Income , Schedule J: Individual- Your Expenses Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 06/26/2017) |
| 06/26/2017 | [47](8 pgs) | Statement of Financial Affairs for Individual Filed by Craig M. Geno on behalf of Edward F. Crocker RE: (related document(s)4 Order and Notice of Deficiency). (Geno, Craig) (Entered: 06/26/2017) |
| 06/26/2017 | [48](4 pgs) | For Individual Chapter 11 Cases: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders Filed by Craig M. Geno on behalf of Edward F. Crocker RE: (related document(s)4 Order and Notice of Deficiency). (Geno, Craig) (Entered: 06/26/2017) |
| 06/26/2017 | [49](3 pgs) | Chapter 11 Statement of Your Current Monthly Income Form 122B Filed by Craig M. Geno on behalf of Edward F. Crocker RE: (related document(s)4 Order and Notice of Deficiency). (Geno, Craig) (Entered: 06/26/2017) |
| 06/27/2017 | [50](1 pg) | Hearing Set On (RE: related document(s) 45 Application to Employ Scott K. Perkins as Accountant Filed by Craig M. Geno on behalf of Edward F. Crocker.). The Hearing date is scheduled for 8/22/2017 at 10:00 AM at Cochran U.S. Bankruptcy Courthouse. Responses due by 7/24/2017. Entered on Docket by: (CJH) (Entered: |

| | | | |
|---|---|---|---|
| | | | 06/27/2017) |
| 06/27/2017 | <u>51</u><br>(1 pg) | | Order Directing Craig M. Geno to File a Certificate of Service (Re: <u>45</u> Application to Employ filed by Debtor Edward F. Crocker, <u>50</u> Hearing Set (Document)). Deadline for Service: 7/3/2017. Deadline for Filing Certificate of Service: 7/10/2017. Entered on Docket by: (CJH) (Entered: 06/27/2017) |
| 06/27/2017 | <u>52</u><br>(2 pgs) | | Response Filed by Sammye S. Tharp on behalf of U. S. Trustee (RE: related document(s)<u>11</u> Application to Employ filed by Debtor Edward F. Crocker). (Tharp, Sammye) (Entered: 06/27/2017) |
| 06/28/2017 | <u>53</u><br>(1 pg) | | Order Granting Motion To Continue and Reschedule Hearing (Related Doc # <u>39</u>) <u>30</u> Motion for Relief From Stay filed by Creditor BankFirst Financial Services The Hearing date is scheduled for 8/22/2017 at 10:00 AM at Cochran U.S. Bankruptcy Courthouse. Entered on Docket by: (CHH) (Entered: 06/28/2017) |
| 06/29/2017 | <u>54</u><br>(7 pgs) | | Certificate of Service Filed by Craig M. Geno on behalf of Edward F. Crocker RE: (related document(s)<u>45</u> Application to Employ filed by Debtor Edward F. Crocker, <u>50</u> Hearing Set (Document)). (Geno, Craig) (Entered: 06/29/2017) |
| 06/30/2017 | <u>55</u><br>(2 pgs) | | BNC Certificate of Service No. of Notices: 1. Notice Date 06/30/2017. (Related Doc # <u>53</u>) (Admin.) (Entered: 06/30/2017) |
| 07/05/2017 | <u>56</u><br>(3 pgs) | | Response Filed by Craig M. Geno on behalf of Edward F. Crocker (RE: related document(s)<u>30</u> Motion for Relief From Stay filed by Creditor BankFirst Financial Services, Motion to Abandon). (Geno, Craig) (Entered: 07/05/2017) |
| 07/14/2017 | | | Hearing Not Held. Settled. Agreed Order. Craig M. Geno to submit order. (RE: related document(s)<u>11</u> Application to Employ filed by Debtor Edward F. Crocker). Order Due by 7/28/2017 Entered on Docket by: (LLG) (Entered: 07/14/2017) |
| 07/21/2017 | <u>57</u> | | Meeting of Creditors Held w/Proceeding (related |

| | | |
|---|---|---|
| | (2 pgs) | document(s)26 Meeting of Creditors Chapter 11. (Tharp, Sammye) (Entered: 07/21/2017) |
| 07/25/2017 | 58 (2 pgs) | Order Granting Application to Employ Scott K. Perkins (Related Doc # 45) Entered on Docket by: (CHH) (Entered: 07/25/2017) |
| 07/25/2017 | 59 (2 pgs) | AGREED SCHEDULING Order (Re: 1 Voluntary Petition (Chapter 11) filed by Debtor Edward F. Crocker). Entered on Docket by: (CHH) (Entered: 07/25/2017) |
| 07/26/2017 | 60 (22 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period May 1 thru 31, 2017 Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 07/26/2017) |
| 07/26/2017 | 61 (12 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period June 1 thru 30, 2017 Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 07/26/2017) |
| 07/27/2017 | 62 (3 pgs) | BNC Certificate of Service No. of Notices: 2. Notice Date 07/27/2017. (Related Doc # 58) (Admin.) (Entered: 07/27/2017) |
| 07/31/2017 | 63 (9 pgs) | AGREED Order Resolving Motion For Relief From Stay (Related Doc # 30), Resolving Motion To Abandon or in the Alternative, for Adequate Protection (Related Doc # 30) Entered on Docket by: (CHH) (Entered: 07/31/2017) |
| 08/02/2017 | 64 (10 pgs) | BNC Certificate of Service No. of Notices: 1. Notice Date 08/02/2017. (Related Doc # 63) (Admin.) (Entered: 08/03/2017) |
| 08/03/2017 | 65 (3 pgs) | Order Granting Application to Employ Law Offices of Craig Geno, LLC (Related Doc # 11) Entered on Docket by: (CHH) (Entered: 08/03/2017) |
| 08/05/2017 | 66 (4 pgs) | BNC Certificate of Service No. of Notices: 1. Notice Date 08/05/2017. (Related Doc # 65) (Admin.) (Entered: 08/05/2017) |

| | | |
|---|---|---|
| 08/31/2017 | <u>67</u><br>(14 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period July 1 thru 31, 2017 Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 08/31/2017) |
| 09/13/2017 | <u>68</u><br>(3 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan *Motion to Extend Time to File Disclosure Statement and Plan of Reorganization and to Extend Debtor's Exclusivity Period* Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 09/13/2017) |
| 09/14/2017 | <u>69</u><br>(1 pg) | Hearing Set On (RE: related document(s) <u>68</u> Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan *Motion to Extend Time to File Disclosure Statement and Plan of Reorganization and to Extend Debtor's Exclusivity Period* Filed by Craig M. Geno on behalf of Edward F. Crocker.). The Hearing date is scheduled for 10/17/2017 at 10:00 AM at Cochran U.S. Bankruptcy Courthouse. Responses due by 10/11/2017. Entered on Docket by: (SGF) (Entered: 09/14/2017) |
| 09/18/2017 | <u>70</u><br>(5 pgs) | Certificate of Service Filed by Craig M. Geno on behalf of Edward F. Crocker RE: (related document(s)<u>68</u> Motion to Extend/Limit Exclusivity Period filed by Debtor Edward F. Crocker, <u>69</u> Hearing Set (Document)). (Geno, Craig) (Entered: 09/18/2017) |
| 09/19/2017 | <u>71</u><br>(17 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period August 1 thru 31, 2017 Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 09/19/2017) |
| 10/12/2017 | | Notice of Terminated Hearing due to Settlement, Default or Continuance (RE: related document(s)<u>68</u> Motion to Extend/Limit Exclusivity Period filed by Debtor Edward F. Crocker). Entered on Docket by: (CHH) (Entered: 10/12/2017) |
| 10/12/2017 | <u>72</u><br>(1 pg) | The court hereby orders and directs Craig M. Geno to submit a proposed order (Re: <u>68</u> Motion to Extend/Limit Exclusivity Period filed by Debtor Edward F. Crocker). Order Due by 10/26/2017 Entered on Docket by: (CHH) (Entered: 10/12/2017) |

| | | |
|---|---|---|
| 10/16/2017 | <u>73</u><br>(2 pgs) | Order Granting Motion to Extend/Limit Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Related Doc # <u>68</u>) Entered on Docket by: (CHH) (Entered: 10/16/2017) |
| 10/16/2017 | | Plan or Disclosure Statement Deadline Updated (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 11) filed by Debtor Edward F. Crocker). Chapter 11 Plan due by 12/18/2017. Disclosure Statement due by 12/18/2017. Entered on Docket by: (CHH) (Entered: 10/16/2017) |
| 10/18/2017 | <u>74</u><br>(3 pgs) | BNC Certificate of Service No. of Notices: 1. Notice Date 10/18/2017. (Related Doc # <u>73</u>) (Admin.) (Entered: 10/19/2017) |
| 10/31/2017 | <u>75</u><br>(14 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period September 1 thru 30, 2017 Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 10/31/2017) |
| 11/14/2017 | <u>76</u><br>(19 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period Oct 1 thru 31. 2017 Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 11/14/2017) |
| 11/28/2017 | <u>77</u><br>(23 pgs) | First Application for Compensation for Craig M. Geno, Debtor's Attorney, Fee: $34,338.00, Expenses: $1,970.69. Filed by Edward F. Crocker. (Geno, Craig) (Entered: 11/28/2017) |
| 11/29/2017 | <u>78</u><br>(1 pg) | Hearing Set On (RE: related document(s) <u>77</u> First Application for Compensation for Craig M. Geno, Debtor's Attorney, Fee: $34,338.00, Expenses: $1,970.69. Filed by Edward F. Crocker.). The Hearing date is scheduled for 1/4/2018 at 10:00 AM at Cochran U.S. Bankruptcy Courthouse. Responses due by 12/26/2017. Entered on Docket by: (ALD) (Entered: 11/29/2017) |
| 11/29/2017 | <u>79</u><br>(1 pg) | Order Directing Craig M. Geno to File a Certificate of Service (Re: <u>77</u> Application for Compensation filed by Debtor Edward F. Crocker, <u>78</u> Hearing Set (Document)). Deadline for Service: 12/4/2017.Deadline for Filing Certificate of Service: 12/11/2017. Entered on Docket |

| | | by: (ALD) (Entered: 11/29/2017) |
|---|---|---|
| 12/04/2017 | <u>80</u><br>(10 pgs) | Certificate of Service Filed by Craig M. Geno on behalf of Edward F. Crocker RE: (related document(s)<u>77</u> Application for Compensation filed by Debtor Edward F. Crocker, <u>78</u> Hearing Set (Document)). (Geno, Craig) (Entered: 12/04/2017) |
| 12/18/2017 | <u>81</u><br>(2 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan *Second Motion for Additional Time Within Which to Extend Periods of Exclusivity to File Disclosure Statement and Plan of Reorganization* Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 12/18/2017) |
| 12/20/2017 | <u>82</u><br>(1 pg) | Hearing Set On (RE: related document(s) <u>81</u> Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan *Second Motion for Additional Time Within Which to Extend Periods of Exclusivity to File Disclosure Statement and Plan of Reorganization* Filed by Craig M. Geno on behalf of Edward F. Crocker.). The Hearing date is scheduled for 2/15/2018 at 10:00 AM at Cochran U.S. Bankruptcy Courthouse. Responses due by 1/16/2018. Entered on Docket by: (CHH) (Entered: 12/20/2017) |
| 12/20/2017 | <u>83</u><br>(1 pg) | Order Directing Craig M. Geno to File a Certificate of Service (Re: <u>81</u> Motion to Extend/Limit Exclusivity Period filed by Debtor Edward F. Crocker, <u>82</u> Hearing Set (Document)). Deadline for Service: 12/26/2017.Deadline for Filing Certificate of Service: 1/2/2018. Entered on Docket by: (CHH) (Entered: 12/20/2017) |
| 12/20/2017 | <u>84</u><br>(6 pgs) | Certificate of Service Filed by Craig M. Geno on behalf of Edward F. Crocker RE: (related document(s)<u>81</u> Motion to Extend/Limit Exclusivity Period filed by Debtor Edward F. Crocker, <u>82</u> Hearing Set (Document)). (Geno, Craig) (Entered: 12/20/2017) |
| 12/27/2017 | | Notice of Terminated Hearing due to Settlement, Default, Continuance or Dismissal (RE: related document(s)<u>77</u> Application for Compensation filed by Debtor Edward F. Crocker). Entered on Docket by: |

| | | |
|---|---|---|
| | | (CHH) (Entered: 12/27/2017) |
| 12/28/2017 | [85](#)<br>(3 pgs) | Order Granting Application For Compensation (Related Doc # [77](#)). Granting for Craig M. Geno, fees awarded: $34338.00, expenses awarded: $1970.69 Entered on Docket by: (LJB) (Entered: 12/28/2017) |
| 12/30/2017 | [86](#)<br>(4 pgs) | BNC Certificate of Service No. of Notices: 1. Notice Date 12/30/2017. (Related Doc # [85](#)) (Admin.) (Entered: 12/30/2017) |
| 01/09/2018 | [87](#)<br>(18 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period Nov 1 thru 30, 2017 Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 01/09/2018) |
| 01/17/2018 | [88](#)<br>(30 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period Dec 1 - 31, 2017 Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 01/17/2018) |
| 01/18/2018 | | Notice of Terminated Hearing due to Settlement, Default, Continuance or Dismissal (RE: related document(s)81 Motion to Extend/Limit Exclusivity Period filed by Debtor Edward F. Crocker). Entered on Docket by: (CHH) (Entered: 01/18/2018) |
| 01/18/2018 | [89](#)<br>(2 pgs) | Order Granting Motion to Extend/Limit Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Related Doc # [81](#)) Entered on Docket by: (CHH) (Entered: 01/18/2018) |
| 01/18/2018 | | Plan or Disclosure Statement Deadline Updated (RE: related document(s) Update Chapter 11/12 Plan or Disclosure Statement Deadlines (Bk)). Chapter 11 Plan due by 2/1/2018. Disclosure Statement due by 2/1/2018. Entered on Docket by: (CHH) (Entered: 01/18/2018) |
| 01/20/2018 | [90](#)<br>(3 pgs) | BNC Certificate of Service No. of Notices: 1. Notice Date 01/20/2018. (Related Doc # [89](#)) (Admin.) (Entered: 01/20/2018) |
| 02/01/2018 | [91](#)<br>(2 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 02/01/2018) |

| | | |
|---|---|---|
| 02/02/2018 | 92 (1 pg) | Hearing Set On (RE: related document(s) 91 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan Filed by Craig M. Geno on behalf of Edward F. Crocker.). The Hearing date is scheduled for 3/22/2018 at 10:00 AM at Cochran U.S. Bankruptcy Courthouse. Responses due by 3/5/2018. Entered on Docket by: (LJB) (Entered: 02/02/2018) |
| 02/02/2018 | 93 (1 pg) | Order Directing Craig M. Geno to File a Certificate of Service (Re: 91 Motion to Extend/Limit Exclusivity Period filed by Debtor Edward F. Crocker, 92 Hearing Set (Document)). Deadline for Service: 2/7/2018.Deadline for Filing Certificate of Service: 2/14/2018. Entered on Docket by: (LJB) (Entered: 02/02/2018) |
| 02/05/2018 | 94 (5 pgs) | Certificate of Service Filed by Craig M. Geno on behalf of Edward F. Crocker RE: (related document(s)91 Motion to Extend/Limit Exclusivity Period filed by Debtor Edward F. Crocker, 92 Hearing Set (Document)). (Geno, Craig) (Entered: 02/05/2018) |
| 03/08/2018 | | Notice of Terminated Hearing due to Settlement, Default, Continuance or Dismissal (RE: related document(s)91 Motion to Extend/Limit Exclusivity Period filed by Debtor Edward F. Crocker). Entered on Docket by: (CHH) (Entered: 03/08/2018) |
| 03/12/2018 | 95 (2 pgs) | Order Granting Motion to Extend/Limit Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Related Doc # 91) Entered on Docket by: (CHH) (Entered: 03/12/2018) |
| 03/12/2018 | | Plan or Disclosure Statement Deadline Updated (RE: related document(s) Update Chapter 11/12 Plan or Disclosure Statement Deadlines (Bk)). Chapter 11 Plan due by 3/2/2018. Disclosure Statement due by 3/2/2018. Entered on Docket by: (CHH) (Entered: 03/12/2018) |
| 03/14/2018 | 96 (3 pgs) | BNC Certificate of Service No. of Notices: 1. Notice Date 03/14/2018. (Related Doc # 95) (Admin.) (Entered: 03/14/2018) |
| 05/15/2018 | 97 (28 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period Jan 1 thru 31, 2018 Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 05/15/2018) |
| 05/15/2018 | 98 | Debtor-In-Possession Monthly Operating Report for Filing |

| | | |
|---|---|---|
| | (27 pgs) | Period Feb 1 - 28, 2018 Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 05/15/2018) |
| 05/15/2018 | 99 (28 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period Mar 1 thru 31, 2018 Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 05/15/2018) |
| 05/15/2018 | 100 (31 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period Apr 1 - 30, 2018 Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 05/15/2018) |
| 05/21/2018 | 101 (4 pgs) | Motion to Convert Case to Chapter 7 ., or in the alternative Motion to Dismiss Case Filed by Sammye S. Tharp on behalf of U. S. Trustee. (Tharp, Sammye) (Entered: 05/21/2018) |
| 05/22/2018 | 102 (1 pg) | Hearing Set On (RE: related document(s) 101 Motion to Convert Case to Chapter 7 ., or in the alternative Motion to Dismiss Case Filed by Sammye S. Tharp on behalf of U. S. Trustee.). The Hearing date is scheduled for 6/28/2018 at 10:00 AM at Cochran U.S. Bankruptcy Courthouse. Responses due by 6/18/2018. Entered on Docket by: (CHH) (Entered: 05/22/2018) |
| 05/24/2018 | 103 (3 pgs) | BNC Certificate of Service No. of Notices: 18. Notice Date 05/24/2018. (Related Doc # 102) (Admin.) (Entered: 05/24/2018) |
| 05/30/2018 | 104 (1 pg) | Order Setting Hearing Out of Time (Re: 101 Motion to Convert Case to Chapter 7 filed by U.S. Trustee U. S. Trustee, Motion to Dismiss Case). Entered on Docket by: (CHH) (Entered: 05/30/2018) |
| 06/01/2018 | 105 (2 pgs) | BNC Certificate of Service No. of Notices: 1. Notice Date 06/01/2018. (Related Doc # 104) (Admin.) (Entered: 06/01/2018) |
| 06/18/2018 | 106 (2 pgs) | Response Filed by Craig M. Geno on behalf of Edward F. Crocker (RE: related document(s)101 Motion to Convert Case to Chapter 7 filed by U.S. Trustee U. S. Trustee, Motion to Dismiss Case). (Geno, Craig) (Entered: 06/18/2018) |
| 06/19/2018 | 107 (32 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period May 1 - 31, 2018 Filed by Craig M. Geno on behalf of Edward F. Crocker. (Geno, Craig) (Entered: 06/19/2018) |

| 06/28/2018 | | Hearing Held. Settled; agreed order. Disclosure Statement and Plan due by 7/8/18. Sammye S. Tharp to submit order. (RE: related document(s)101 Motion to Convert Case to Chapter 7 filed by U.S. Trustee U. S. Trustee, Motion to Dismiss Case). Order Due by 7/12/2018 Entered on Docket by: (SGF) (Entered: 06/28/2018) |
| 07/09/2018 | 108 (2 pgs) | AGREED Order Conditionally Denying Motion to Convert Case to Chapter 7 (Related Doc # 101) Entered on Docket by: (CHH) (Entered: 07/09/2018) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/09/2018 11:10:49 | | | |
| **PACER Login:** | locmg587:2560662:0 | **Client Code:** | crocker |
| **Description:** | Docket Report | **Search Criteria:** | 17-11811-JDW Fil or Ent: filed Doc From: 0 Doc To: 99999999 Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |

**Fill in this information to identify your case and this filing:**

| Debtor 1 | Edward F. Crocker | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN DISTRICT OF MISSISSIPPI

Case number   17-11811-JDW

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☑ Yes. Where is the property?

| 1.1 | | |
|---|---|---|
| **1636 Chickasaw Drive** | | |
| Street address, if available, or other description | | |

**What is the property?** Check all that apply
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Columbus | MS | 39705-0000 |
|---|---|---|
| City | State | ZIP Code |

Current value of the entire property?
**$375,000.00**

Current value of the portion you own?
**$375,000.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Who has an interest in the property?** Check one
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

| **Lowndes** | |
|---|---|
| County | |

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................=> | $375,000.00 |

**Part 2:** Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*



EXHIBIT "B"

Debtor 1    **Edward F. Crocker**    Case number *(if known)*    **17-11811-JDW**

### 3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No

☑ Yes

| 3.1 | Make: | **Lincoln** |
|---|---|---|
| | Model: | **Navigator** |
| | Year: | **2004** |
| | Approximate mileage: | **121,368** |
| | Other information: | |

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$3,000.00**

Current value of the portion you own? **$3,000.00**

| 3.2 | Make: | **Hummer** |
|---|---|---|
| | Model: | **H2** |
| | Year: | **2005** |
| | Approximate mileage: | **112,912** |
| | Other information: | |

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$15,000.00**

Current value of the portion you own? **$15,000.00**

| 3.3 | Make: | **BMW** |
|---|---|---|
| | Model: | **M6** |
| | Year: | **2006** |
| | Approximate mileage: | **44,384** |
| | Other information: | |

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$13,000.00**

Current value of the portion you own? **$13,000.00**

### 4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No

☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...................................................................=>    **$31,000.00**

### Part 3:  Describe Your Personal and  Household Items

**Do you own or have any legal or equitable interest in any of the following items?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

### 6. Household goods and furnishings
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No

☑ Yes.  Describe.....

**Household furniture, etc.**    **$15,000.00**

### 7. Electronics
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No

---

Official Form 106A/B    Schedule A/B: Property    page 2

Debtor 1    **Edward F. Crocker**                                                    Case number *(if known)*  **17-11811-JDW**

■ Yes. Describe.....

| TVs, phones, computer, printer | $2,000.00 |

**8. Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes. Describe.....

**10. Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
   ☐ No
   ■ Yes. Describe.....

| Smith & Wesson 357 Mag, 16 gauge shotgun | $500.00 |

**11. Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
   ☐ No
   ■ Yes. Describe.....

| Clothes, suits, shoes | $1,000.00 |

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ☐ No
   ■ Yes. Describe.....

| Rolex watch - 26 years old | $3,500.00 |

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ☐ No
   ■ Yes. Describe.....

| 3 dogs | $0.00 |

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ■ No
   ☐ Yes. Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ...................................................................................    | $22,000.00 |

**Part 4:    Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

Debtor 1    **Edward F. Crocker**                                          Case number *(if known)*  **17-11811-JDW**

---

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ☐ No
    ■ Yes.........................................................................................................

|  |  |  |
|---|---|---|
|  | **Cash** | **$200,000.00** |

---

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
    institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ■ Yes.....................    Institution name:

| 17.1. | **Debtor-in-Possessi on Account** | **BankFirst Financial Services** | **$4,500.00** |
|---|---|---|---|

---

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes.................    Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ☐ No
    ■ Yes.  Give specific information about them...................

| Name of entity: | % of ownership: |  |  |
|---|---|---|---|
| **Silver Tusk Lease Acquisition & Dev UPE** | % | | **$100.00** |
| **Redhawk Resources Fund 1, LP** | % | | **$100.00** |
| **Redhawk Resources Fund II, LP** | % | | **$100.00** |
| **MV EI Fund I, LLC** Series 1 | % | | **$100.00** |
| **MV Startup Fund XVII, LLC, Series 1** | % | | **$100.00** |
| **MV Liquidity Fund XIII, LLC, Series 2** | % | | **$100.00** |
| **MV Liquidity Fund XIV, LLC, Series 1** | % | | **$100.00** |

---

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
            Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ☐ No
    ■ Yes. List each account separately.

| Type of account: | Institution name: |  |
|---|---|---|
| **IRA** | **Fidelity** | **$35,000.00** |

---

Debtor 1    **Edward F. Crocker**                                   Case number *(if known)*   **17-11811-JDW**

| **403(b)** | **Guidestone** | **$6,000.00** |

**22. Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ■ No
   ☐ Yes. ....................                              Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ■ No
   ☐ Yes.............        Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   ■ No
   ☐ Yes.............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
   ■ No
   ☐ Yes. Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes. Give specific information about them...

**Money or property owed to you?**                                   **Current value of the
                                                                      portion you own?**
                                                                      Do not deduct secured
                                                                      claims or exemptions.

**28. Tax refunds owed to you**
   ■ No
   ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ■ No
   ☐ Yes. Give specific information......

**30. Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
              benefits; unpaid loans you made to someone else
   ■ No
   ☐ Yes. Give specific information..

**31. Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
   ■ No
   ☐ Yes. Name the insurance company of each policy and list its value.
              Company name:                              Beneficiary:                    Surrender or refund
                                                                                         value:

Debtor 1    **Edward F. Crocker**                                    Case number *(if known)*    **17-11811-JDW**

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
■ No
☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
■ No
☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
■ No
☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**
■ No
☐ Yes. Give specific information..

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here....................................................................................................    | $246,200.00 |

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest in. List any real estate in Part 1. |

**37. Do you own or have any legal or equitable interest in any business-related property?**
☐ No. Go to Part 6.
■ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**
■ No
☐ Yes. Describe.....

**39. Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
■ No
☐ Yes. Describe.....

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**
■ No
☐ Yes. Describe.....

**41. Inventory**
■ No
☐ Yes. Describe.....

**42. Interests in partnerships or joint ventures**
☐ No
■ Yes. Give specific information about them...................
    Name of entity:                                    % of ownership:

| **Silver Tusk Lease Acquisition & Dev UPE** | % | $100.00 |

| Debtor 1 | **Edward F. Crocker** | | Case number *(if known)* | **17-11811-JDW** |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| Redhawk Resources Fund 1, LP | | % | $100.00 |
| Redhawk Resources Fund II, LP | | % | $100.00 |
| MV EI Fund I, LLC Series 1 | | % | $100.00 |
| MV Startup Fund XVII, LLC, Series 1 | | % | $100.00 |
| MV Liquidity Fund XIII, LLC, Series 2 | | % | $100.00 |
| MV Liquidity Fund XIV, LLC, Series 1 | | % | $100.00 |

**43. Customer lists, mailing lists, or other compilations**
  ■ No.
  ☐ Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

      ■ No
      ☐ Yes. Describe.....

**44. Any business-related property you did not already list**
  ■ No
  ☐ Yes. Give specific information.........

**45.  Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here.........................................................................................................** $700.00

| Part 6: | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
  ■ No. Go to Part 7.
  ☐ Yes. Go to line 47.

| Part 7: | **Describe All Property You Own or Have an Interest In That You Did Not List Above** |
|---|---|

**53. Do you have other property of any kind you did not already list?**
  *Examples:* Season tickets, country club membership
  ■ No
  ☐ Yes. Give specific information.........

**54.  Add the dollar value of all of your entries from Part 7. Write that number here ....................................** $0.00

Debtor 1   **Edward F. Crocker**                                     Case number *(if known)*   **17-11811-JDW**

| **Part 8:** | **List the Totals of Each Part of this Form** |
| --- | --- |

55. **Part 1: Total real estate, line 2** .................................................................................................... $375,000.00

56. **Part 2: Total vehicles, line 5**                                           $31,000.00

57. **Part 3: Total personal and household items, line 15**                     $22,000.00

58. **Part 4: Total financial assets, line 36**                                 $246,200.00

59. **Part 5: Total business-related property, line 45**                        $700.00

60. **Part 6: Total farm- and fishing-related property, line 52**               $0.00

61. **Part 7: Total other property not listed, line 54**          +             $0.00

62. **Total personal property. Add lines 56 through 61...**          $299,900.00      Copy personal property total          $299,900.00

63. **Total of all property on Schedule A/B. Add line 55 + line 62**                        $674,900.00

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Edward F. Crocker** | |
| | First Name     Middle Name     Last Name | |
| Debtor 2 | | |
| (Spouse if, filing) | First Name     Middle Name     Last Name | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF MISSISSIPPI | |
| Case number | **17-11811-JDW** | |
| (if known) | | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                                4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| **1636 Chickasaw Drive Columbus, MS 39705 Lowndes County**<br>Line from *Schedule A/B*: **1.1** | $375,000.00 | ■         $75,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Miss. Code Ann. § 85-3-21** |
| **2006 BMW M6 44,384 miles**<br>Line from *Schedule A/B*: **3.3** | $13,000.00 | ☐<br>■ 100% of fair market value, up to any applicable statutory limit | **Miss. Code Ann. § 85-3-1(a)** |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

      ☐ No

      ☐ Yes

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Edward F. Crocker** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF MISSISSIPPI |
| Case number | **17-11811-JDW** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:** List All Secured Claims

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|---|

### 2.1  BankFirst
Creditor's Name

900 Main Street
Columbus, MS 39701
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred _____

Describe the property that secures the claim:
**2005 Hummer H2 112,912 miles**

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
Nature of lien. Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number _____

Column A: **$22,000.00**  Column B: **$15,000.00**  Column C: **$7,000.00**

### 2.2  BankFirst Financial Services
Creditor's Name

900 Main Street
Columbus, MS 39701
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred _____

Describe the property that secures the claim:
**2006 BMW M6 44,384 miles**

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
Nature of lien. Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number _____

Column A: **$22,000.00**  Column B: **$13,000.00**  Column C: **$9,000.00**

Debtor 1   **Edward F. Crocker**
First Name        Middle Name        Last Name

Case number (if know)   **17-11811-JDW**

| | | |
|---|---|---|
| **2.3** **Regions Bank** | Describe the property that secures the claim: | $375,048.49   $375,000.00   $0.00 |
| Creditor's Name | | |

**1636 Chickasaw Drive Columbus, MS 39705  Lowndes County**

**710 Main Street
Columbus, MS 39701**
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.
■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____      Last 4 digits of account number   **4691**

Add the dollar value of your entries in Column A on this page. Write that number here:   **$419,048.49**
If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:   **$419,048.49**

**Part 2:   List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Edward F. Crocker** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF MISSISSIPPI | | |
| Case number | **17-11811-JDW** | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                           12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**

   ☐ No. Go to Part 2.

   ■ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|
| **2.1** | **Internal Revenue Service** | Last 4 digits of account number ____ ____ ____ ____ | $312,224.68 | $312,224.68 | $0.00 |
| | Priority Creditor's Name | | | | |
| | **P. O. Box 7346** | When was the debt incurred? | | | |
| | **Philadelphia, PA 19101-7346** | | | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | | | |
| | **Who incurred the debt? Check one.** | ☐ Contingent | | | |
| | ■ Debtor 1 only | ☐ Unliquidated | | | |
| | ☐ Debtor 2 only | ☐ Disputed | | | |
| | ☐ Debtor 1 and Debtor 2 only | **Type of PRIORITY unsecured claim:** | | | |
| | ☐ At least one of the debtors and another | ☐ Domestic support obligations | | | |
| | ☐ Check if this claim is for a community debt | ■ Taxes and certain other debts you owe the government | | | |
| | **Is the claim subject to offset?** | ☐ Claims for death or personal injury while you were intoxicated | | | |
| | ■ No | ☐ Other. Specify _____ | | | |
| | ☐ Yes | | | | |

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3. **Do any creditors have nonpriority unsecured claims against you?**

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ■ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

Debtor 1   **Edward F. Crocker**

Case number (if know)   **17-11811-JDW**

---

| 4.1 | **Bank of America** | Last 4 digits of account number | **7632** | **$63,656.00** |

Nonpriority Creditor's Name

**P.O. Box 15019**
**Wilmington, DE 19850-5019**
Number Street City State Zip Code

When was the debt incurred? _____

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- □ Debtor 2 only
- □ Debtor 1 and Debtor 2 only
- □ At least one of the debtors and another
- □ Check if this claim is for a  community debt

Is the claim subject to offset?

- ■ No
- □ Yes

- □ Contingent
- □ Unliquidated
- □ Disputed

Type of NONPRIORITY unsecured claim:

- □ Student loans
- □ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- □ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify _____

---

| 4.2 | **BankFirst** | Last 4 digits of account number | | **$115,000.00** |

Nonpriority Creditor's Name

**P.O. Box 1248**
**Columbus, MS 39703**
Number Street City State Zip Code

When was the debt incurred? _____

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- □ Debtor 2 only
- □ Debtor 1 and Debtor 2 only
- □ At least one of the debtors and another
- □ Check if this claim is for a  community debt

Is the claim subject to offset?

- ■ No
- □ Yes

- □ Contingent
- □ Unliquidated
- □ Disputed

Type of NONPRIORITY unsecured claim:

- □ Student loans
- □ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- □ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify

---

| 4.3 | **Gayle Crocker** | Last 4 digits of account number | | **$270,000.00** |

Nonpriority Creditor's Name

**309 Edgewood Drive**
**Jackson, TN 38301**
Number Street City State Zip Code

When was the debt incurred? _____

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- □ Debtor 2 only
- □ Debtor 1 and Debtor 2 only
- □ At least one of the debtors and another
- □ Check if this claim is for a  community debt

Is the claim subject to offset?

- ■ No
- □ Yes

- □ Contingent
- □ Unliquidated
- □ Disputed

Type of NONPRIORITY unsecured claim:

- □ Student loans
- □ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- □ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify _____

---

Debtor 1   **Edward F. Crocker**                                        Case number (if know)   **17-11811-JDW**

---

| 4.4 | **Guidestone** | Last 4 digits of account number   **6931** | **$15,211.95** |

Nonpriority Creditor's Name
**2401 Cedar Springs Rd.**
**Dallas, TX 75201**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

When was the debt incurred?   _____

**As of the date you file, the claim is: Check all that apply**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   _____

---

| 4.5 | **Regions Bank** | Last 4 digits of account number   **7248** | **$99,695.38** |

Nonpriority Creditor's Name
**710 Main Street**
**Columbus, MS 39701**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

When was the debt incurred?   _____

**As of the date you file, the claim is: Check all that apply**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   _____

---

| 4.6 | **Regions Bank** | Last 4 digits of account number   **1967** | **$33,066.11** |

Nonpriority Creditor's Name
**710 Main Street**
**Columbus, MS 39701**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

When was the debt incurred?   _____

**As of the date you file, the claim is: Check all that apply**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   _____

---

Debtor 1    **Edward F. Crocker**                                      Case number (if know)    **17-11811-JDW**

| 4.7 | **Regions Bank** | Last 4 digits of account number | **0906** | | **$2,699.57** |
|---|---|---|---|---|---|

Nonpriority Creditor's Name
**710 Main Street**
**Columbus, MS 39701**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**   _____

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   _____

---

| 4.8 | **Renasant Bank** | Last 4 digits of account number | | | **$70,000.00** |
|---|---|---|---|---|---|

Nonpriority Creditor's Name
**209 Troy Street**
**Tupelo, MS 38801**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**   _____

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   _____

---

### Part 3:    List Others to Be Notified About a Debt That You Already Listed

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

### Part 4:    Add the Amounts for Each Type of Unsecured Claim

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | Domestic support obligations | 6a. | $ 0.00 |
| | 6b. | Taxes and certain other debts you owe the government | 6b. | $ 312,224.68 |
| | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ 0.00 |
| | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 312,224.68 |

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | Student loans | 6f. | $ 0.00 |
| | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ 0.00 |
| | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ 0.00 |
| | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 669,329.01 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1   **Edward F. Crocker**                                    Case number (if know)   **17-11811-JDW**

| | | | | |
|---|---|---|---|---|
| 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ | 669,329.01 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Edward F. Crocker** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF MISSISSIPPI |
| Case number | **17-11811-JDW** |
| (If known) | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| Name, Number, Street, City, State and ZIP Code | |

2.1
Name

Number   Street

City                State        ZIP Code

2.2
Name

Number   Street

City                State        ZIP Code

2.3
Name

Number   Street

City                State        ZIP Code

2.4
Name

Number   Street

City                State        ZIP Code

2.5
Name

Number   Street

City                State        ZIP Code

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Edward F. Crocker** |
| | First Name     Middle Name     Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name     Middle Name     Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF MISSISSIPPI |
| Case number (if known) | **17-11811-JDW** |

☐ Check if this is an amended filing

# Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
■ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories include* Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.

| Column 1: **Your codebtor** <br> Name, Number, Street, City, State and ZIP Code | Column 2: **The creditor to whom you owe the debt** <br> Check all schedules that apply: |
|---|---|
| 3.1   **Trudy G. Crocker** <br> **1636 Chickasaw Drive** <br> **Columbus, MS 39705** | ■ Schedule D, line __2.3__ <br> ☐ Schedule E/F, line _____ <br> ☐ Schedule G <br> **Regions Bank** |

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Edward F. Crocker** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF MISSISSIPPI |
| Case number (if known) | **17-11811-JDW** |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

**Official Form 106I**

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

1.  **Fill in your employment information.**

    If you have more than one job, attach a separate page with information about additional employers.

    Include part-time, seasonal, or self-employed work.

    Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | | **Physician** | |
| Employer's name | | **Noxubee General Hospital** | |
| Employer's address | | 78 Hospital Road<br>Macon, MS 39341 | |
| How long employed there? | | **6 months** | |

## Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **17,917.00** | $ **N/A** |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ **0.00** | +$ **N/A** |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ **17,917.00** | $ **N/A** |

Debtor 1   **Edward F. Crocker**    Case number *(if known)*   **17-11811-JDW**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ **17,917.00** | $ **N/A** |
| 5. | List all payroll deductions: | | | |
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ **7,641.00** | $ **N/A** |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ **0.00** | $ **N/A** |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ **0.00** | $ **N/A** |
| 5d. | Required repayments of retirement fund loans | 5d. | $ **0.00** | $ **N/A** |
| 5e. | Insurance | 5e. | $ **0.00** | $ **N/A** |
| 5f. | Domestic support obligations | 5f. | $ **0.00** | $ **N/A** |
| 5g. | Union dues | 5g. | $ **0.00** | $ **N/A** |
| 5h. | Other deductions. Specify: | 5h.+ | $ **0.00** | + $ **N/A** |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ **7,641.00** | $ **N/A** |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ **10,276.00** | $ **N/A** |
| 8. | List all other income regularly received: | | | |
| 8a. | Net income from rental property and from operating a business, profession, or farm | | | |
| | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **0.00** | $ **N/A** |
| 8b. | Interest and dividends | 8b. | $ **0.00** | $ **N/A** |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive | | | |
| | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **0.00** | $ **N/A** |
| 8d. | Unemployment compensation | 8d. | $ **0.00** | $ **N/A** |
| 8e. | Social Security | 8e. | $ **0.00** | $ **N/A** |
| 8f. | Other government assistance that you regularly receive | | | |
| | Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. | | | |
| | Specify: | 8f. | $ **0.00** | $ **N/A** |
| 8g. | Pension or retirement income | 8g. | $ **0.00** | $ **N/A** |
| 8h. | Other monthly income. Specify: | 8h.+ | $ **0.00** | + $ **N/A** |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ **0.00** | $ **N/A** |

10. **Calculate monthly income. Add line 7 + line 9.**    10. $ **10,276.00** + $ **N/A** = $ **10,276.00**
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
    Specify:    11. +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
    Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related Data, if it applies    12. $ **10,276.00**
    
    Combined monthly income

13. **Do you expect an increase or decrease within the year after you file this form?**
    ■ No.
    ☐ Yes. Explain:

**Fill in this information to identify your case:**

Debtor 1 __Edward F. Crocker__

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: NORTHERN DISTRICT OF MISSISSIPPI

Case number __17-11811-JDW__
(If known)

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 expenses as of the following date:

___ MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

   　☐ No
   　☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ☐ No

   Do not list Debtor 1 and Debtor 2.   ■ Yes. Fill out this information for each dependent..............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | Son | 12 | ☐ No ■ Yes |
   | Son | 18 | ☐ No ■ Yes |
   | Mother-In-Law | 76 | ☐ No ■ Yes |
   | Mother | 84 | ☐ No ■ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No   ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | Your expenses |
|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.   4. $ __2,038.00__

   If not included in line 4:

   4a. Real estate taxes   4a. $ __432.00__
   4b. Property, homeowner's, or renter's insurance   4b. $ __204.00__
   4c. Home maintenance, repair, and upkeep expenses   4c. $ __150.00__
   4d. Homeowner's association or condominium dues   4d. $ __0.00__
5. **Additional mortgage payments for your residence,** such as home equity loans   5. $ __0.00__

Debtor 1  **Edward F. Crocker**                                       Case number (if known)  **17-11811-JDW**

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a.  Electricity, heat, natural gas | 6a. $ | 464.00 |
| | 6b.  Water, sewer, garbage collection | 6b. $ | 0.00 |
| | 6c.  Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 511.00 |
| | 6d.  Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. $ | 1,083.00 |
| 8. | **Childcare and children's education costs** | 8. $ | 1,083.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | 200.00 |
| 10. | **Personal care products and services** | 10. $ | 200.00 |
| 11. | **Medical and dental expenses** | 11. $ | 200.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | 1,000.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | 500.00 |
| 14. | **Charitable contributions and religious donations** | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a.  Life insurance | 15a. $ | 0.00 |
| | 15b.  Health insurance | 15b. $ | 405.00 |
| | 15c.  Vehicle insurance | 15c. $ | 300.00 |
| | 15d.  Other insurance. Specify:  **Disability** | 15d. $ | 368.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a.  Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b.  Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c.  Other. Specify: | 17c. $ | 0.00 |
| | 17d.  Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a.  Mortgages on other property | 20a. $ | 0.00 |
| | 20b.  Real estate taxes | 20b. $ | 0.00 |
| | 20c.  Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d.  Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e.  Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | 21. +$ | 0.00 |

22. **Calculate your monthly expenses.**
22a. Add lines 4 through 21.                                              $    8,055.00
22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2    $
22c. Add line 22a and 22b. The result is your monthly expenses.          $    8,055.00

23. **Calculate your monthly net income.**
23a. Copy line 12 *(your combined monthly income)* from Schedule I.      23a. $    10,276.00
23b. Copy your monthly expenses from line 22c above.                     23b. -$    8,055.00

23c. Subtract your monthly expenses from your monthly income.            23c. $    2,221.00
The result is your *monthly net income.*

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.          Explain here:

Fill in this information to identify your case:

Debtor 1    _Edward_    _f._    _Crocker Jr._
            First Name    Middle Name    Last Name

Debtor 2
(Spouse if filing)    First Name    Middle Name    Last Name

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF MISSISSIPPI

Case number    _17-11811_
(if known)

☐ Check if this is an
amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☐ No

☑ Yes. Name of person    _Scott K. Perkins CPA_    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _Edward F. Crocker Jr._                    X
Signature of Debtor 1                          Signature of Debtor 2

Date    _6/14/17_                              Date

Official Form 106Dec                    Declaration About an Individual Debtor's Schedules

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Edward F. Crocker** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF MISSISSIPPI |
| Case number (if known) | **17-11811-JDW** |

☐ Check if this is an amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

**Your assets**
Value of what you own

1.  **Schedule A/B: Property** (Official Form 106A/B)
    1a. Copy line 55, Total real estate, from Schedule A/B ......................................................... $ 375,000.00

    1b. Copy line 62, Total personal property, from Schedule A/B ............................................... $ 299,900.00

    1c. Copy line 63, Total of all property on Schedule A/B ........................................................ $ 674,900.00

### Part 2:    Summarize Your Liabilities

**Your liabilities**
Amount you owe

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)
    2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D*... $ 419,048.49

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)
    3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ................... $ 312,224.68

    3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* ............ $ 669,329.01

**Your total liabilities** $ 1,400,602.18

### Part 3:    Summarize Your Income and Expenses

4.  *Schedule I: Your Income* (Official Form 106I)
    Copy your combined monthly income from line 12 of *Schedule I* .......................................................... $ 10,276.00

5.  *Schedule J: Your Expenses* (Official Form 106J)
    Copy your monthly expenses from line 22c of *Schedule J* .................................................................. $ 8,055.00

### Part 4:    Answer These Questions for Administrative and Statistical Records

6.  **Are you filing for bankruptcy under Chapters 7, 11, or 13?**
    ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

    ■ Yes

7.  **What kind of debt do you have?**

    ☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

    ■ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Debtor 1 | **Edward F. Crocker** | Case number *(if known)* **17-11811-JDW** |
| --- | --- | --- |

8.   **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly Income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$ _____

9.   **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

|  | Total claim |
| --- | --- |
| From Part 4 on *Schedule E/F*, copy the following: |  |
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 312,224.68 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 312,224.68 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy



SO ORDERED,

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI (Aberdeen)

IN RE:    **EDWARD F. CROCKER**                              **CASE NO. 17-11811-JDW**
                                                                          **CHAPTER 11**

## AGREED ORDER RESOLVING BANKFIRST FINANCIAL SERVICES' MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY FROM DEBTOR'S ESTATE OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION [DKT. 30]

On consideration before the Court is the motion of BankFirst Financial Services ("Bank-First"), for relief from the automatic stay now protecting the interests of the Debtor, Edward F. Crocker ("Debtor"), in the personal property further described herein and for abandonment of same from the Debtor's estate or, in the alternative, for adequate protection ("Motion for Relief") [Dkt. 30], and the Debtor's response thereto [Dkt. 56], the parties hereto having reached a compromise and settlement of their respective positions hereby agree as follows, to-wit:

1.    This Court has jurisdiction over the subject matter herein and the parties hereto pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362, 11 U.S.C. § 361, and 11 U.S.C. § 554, along with other related statutes and rules. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A) and (G). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and procedural predicates for relief are §§ 362, 361 and 554 and Fed. R. Bankr. P. 4001(b).

2.    On or about January 31, 2013, the Debtor executed a Promissory Note and Securi

1016974

EXHIBIT

ty Agreement (the "Note") in the principal amount of $134,340.40 payable to BankFirst.

3.      To secure the indebtedness due under the Note, the Debtor granted BankFirst a valid and first perfected security interest in one 2006 BMW Model M6 bearing vehicle identification number WBSEH93486B798139 (the "BMW") and one (1) 2005 Hummer Model HH2 bearing vehicle identification number 5GRGN23U05H127512 (the "Hummer"). The BMW and Hummer may sometimes hereafter be collectively referred to as the "Collateral."

4.      On or about June 27, 2013, the Debtor executed a renewal promissory note in the principal amount of $134,440.40 payable to BankFirst through which the maturity date under the Note was extended from February 28, 2013, to August 5, 2013 (the "Renewal Note").

5.      On August 30, 2016, the Debtor executed his most recent Debt Modification Agreement with BankFirst. At the time of execution of the referenced Debt Modification Agreement, the Debtor owed $44,130.99 under the Note and Renewal Note. Pursuant to the terms of the Debt Modification Agreement, the Debtor agreed to pay BankFirst in installments of accrued interest beginning October 3, 2016, and then on the third (3rd) day of each month thereafter, with the entire balance of unpaid principal and interest  due on March 3, 2017 (the "Maturity Date"). Copies of the Note, Renewal Note, Debt Modification Agreement and State of Mississippi Certificates of Title evidencing BankFirst's liens on the Collateral are attached to the Motion for Relief as collective Exhibit "1" and incorporated herein by reference.

5.      On May 16, 2017 ("Petition Date"), the Debtor filed his voluntary petition for relief pursuant to Chapter 11, Title 11 of the *United States Code*. Thereafter, the Debtor has continued to operate as a debtor-in-possession. No trustee, examiner or official committee of unsecured creditors has been appointed in this case.

6.      To resolve the Motion for Relief, the parties hereto agree as follows, to-wit:

1016974

A.     The Debtor hereby agrees to renew the Note and to secure same with the BMW
and the Hummer by execution of the Promissory Note and Security Agreement attached hereto as
Exhibit "A," or by execution of a version substantially similar thereto.  Specifically, the Debtor
hereby agrees to pay BankFirst the sum of $34,000.00, representing the aggregate agreed upon
and court ordered value of the BMW ($17,000.00) and the Hummer ($17,000.00) amortized over
forty-eight (48) months at an annual rate of interest of 5.00% beginning August 1, 2017, and con-
tinuing on the same day of each month thereafter with the final payment being due July 1, 2021.
Principal and interest payments shall be $783.00 per month and shall be made to BankFirst Fi-
nancial Services, c/o Desse Guest, P.O. Box 325, West Point, Mississippi 39773.

B.     Should any payment required by the terms and conditions of this Agreed Order
not be received by BankFirst in good and sufficient funds on or before its due date, BankFirst
may provide written notice of monetary default to the Debtor and counsel for the Debtor.  Writ-
ten notice of default shall be transmitted by electronic mail to counsel for the Debtor and regular
United States mail to the Debtor.  If, after ten (10) days from the date of the referenced notice,
the Debtor has failed to completely cure the monetary default by payment of same in good and
sufficient funds (BankFirst must receive payment by 5:00 p.m., CST no later than the tenth (10th)
day following the date of written notice of default), the automatic stay now protecting the Debt-
or's interest in the BMW and Hummer shall lift and, furthermore, same shall be deemed aban-
doned from the Debtor's estate without further order of the Court.

C.     The Debtor further agrees to provide BankFirst, through its undersigned counsel,
proof of adequate insurance (declarations page) on the BMW and Hummer within fourteen (14)
days of the date of entry of this Agreed Order.  Further, BankFirst shall be named as first
lienholder on the referenced policies.  In the event the Debtor fails to provide adequate proof of

insurance on the Collateral within fourteen (14) days of the date of entry of this Agreed Order, the automatic stay now protecting the Debtor's interest in the Collateral shall lift and, further-more, same shall be deemed abandoned from the Debtor's estate without further order of the Court.

D.    Following provision of proof of insurance to BankFirst as set forth in subpara-graph C. above, the Debtor agrees to maintain insurance on the Collateral. In the event there is a lapse in insurance coverage on the BMW or Hummer, BankFirst shall provide written notice of this non-monetary default to the Debtor and counsel for the Debtor. Written notice of default shall be transmitted by electronic mail to counsel for the Debtor and by regular United States mail to the Debtor. In the event the Debtor fails to provide proof of insurance to BankFirst, through its undersigned counsel, within fourteen (14) days of the date of written notice of de-fault, the automatic stay now protecting the Debtor's interest in the Collateral shall lift and, fur-thermore, same shall be deemed abandoned from the Debtor's estate without further order of the Court.

E.    The terms and conditions of this Agreed Order shall be incorporated in the Debt-or's prospective Disclosure Statement and Chapter 11 Plan of Reorganization.

F.    Should the Debtor fail to confirm a Chapter 11 Plan of Reorganization, this case convert to a Chapter 7 case, or a trustee or examiner be appointed in this Chapter 11 case, then the "automatic stay," as contemplated by 11 U.S.C. §362, presently protecting the Debtor's inter-ests in the Collateral shall immediately lift and, furthermore, the Collateral shall be deemed abandoned from the Debtor's estate pursuant to the directives of 11 U.S.C. § 554, without further order of the Court. However, should the Debtor's case be dismissed, converted to a Chapter 7, or a trustee or examiner be appointed in this Chapter 11 case, then the terms and conditions of this

1016974

Agreed Order, and related Promissory Note and Security Agreement, shall nevertheless still be binding upon the Debtor and BankFirst.

G.      The terms and conditions of this Agreed Order shall be immediately binding upon the Debtor and BankFirst upon execution of same.

H.      The provisions of this Agreed Order shall be binding upon and inure to the benefit of BankFirst and the Debtor, and their respective successors and assigns.

I.      The provisions of Rule 4001 of the *Federal Rules of Bankruptcy Procedure* which would stay for fourteen (14) days the relief afforded to BankFirst upon certain events as described herein shall be waived or otherwise not apply.

J.      The Court shall retain jurisdiction over this Agreed Order and the parties named herein.

## END OF ORDER ##

APPROVED AS TO FORM AND CONTENT:


/s/ James P. Wilson, Jr. (MSB 10783)
James P. Wilson Jr.
Mitchell, McNutt & Sams, P.A.
P.O. Box 1366
Columbus, MS  39703-1366
jwilson@mitchellmcnutt.com
662.328.2316
*Attorney for CB&S*


/s/ Craig M. Geno *(with permission by JPW)*
Craig M. Geno
Law Office of Craig M. Geno
587 Highland Colony Parkway
Ridgeland, MS  39157
cmgeno@cmgenolaw.com
*Attorney for Debtor*

| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| 2332 | EDWARD F CROCKER JR | 30950 | 07/25/17 | AEB |
| NOTE AMOUNT | INDEX (w/Margin) | RATE | MATURITY DATE | LOAN PURPOSE |
| $34,000.00 | Not Applicable | 5.000% | 07/01/21 | Commercial |
| | | Creditor Use Only | | |

# ·PROMISSORY NOTE
### (Commercial - Single Advance)
### RENEWAL NOTE

**DATE AND PARTIES.** The date of this Promissory Note (Note) is July 25, 2017. The parties and their addresses are:

LENDER:
    BANKFIRST FINANCIAL SERVICES
    P O Box 1248
    Columbus, MS  39703
    Telephone: 662-328-2345

BORROWER:
    EDWARD F CROCKER JR
    1636 CHICKASAW DR
    COLUMBUS, MS 39705-2316

**1. DEFINITIONS.** As used in this Note, the terms have the following meanings:

    **A. Pronouns.** The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Note. "You" and "Your" refer to the Lender, any participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan.

    **B. Note.** Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.

    **C. Loan.** Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.

    **D. Loan Documents.** Loan Documents refer to all the documents executed as a part of or in connection with the Loan.

    **E. Property.** Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.

    **F. Percent.** Rates and rate change limitations are expressed as annualized percentages.

    **G. Dollar Amounts.** All dollar amounts will be payable in lawful money of the United States of America.

**2. RENEWAL.** This Note is a renewal of the following described note:

| Note Date | Note Number | Note Amount |
|---|---|---|
| January 31, 2013 | 2332 | $134,340.40 |

I have requested that the note listed in the table above be renewed. The remaining balance of the note listed in the table above is $45,560.33.

**3. PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, the principal sum of $34,000.00 (Principal) plus interest from July 25, 2017 on the unpaid Principal balance until this Note matures or this obligation is accelerated.

**4. INTEREST.** Interest will accrue on the unpaid Principal balance of this Note at the rate of 5.000 percent (Interest Rate).

    **A. Post-Maturity Interest.** After maturity or acceleration, interest will accrue on the unpaid Principal balance of this Note at the Interest Rate in effect from time to time, until paid in full.

    **B. Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by applicable law. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

    **C. Statutory Authority.** The amount assessed or collected on this Note is authorized by the Mississippi usury laws under Miss. Code Ann. Title 75, Chapter 17.

    **D. Accrual.** Interest accrues using an Actual/360 days counting method.

**5. REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

    **A. Late Charge.** If a payment is more than 15 days late, I will be charged 4.000 percent of the Unpaid Portion of Payment or $5.00, whichever is greater. However, this charge will not be greater than $50.00. I will pay this late charge promptly but only once for each late payment.

EDWARD F CROCKER JR
Mississippi Promissory Note
MS/4XXXXXXXX0000000000012890240726617N        Wolters Kluwer Financial Services ©1996, 2017 Bankers Systems™        Initials _____
        Page 1

EXHIBIT
A

**6. PAYMENT.** I agree to pay this Note on demand, but if no demand is made, I agree to pay this Note in 48 payments. I will make 47 payments of $781.58 beginning on August 1, 2017, and on the 1st day of each month thereafter. A single, final payment of the entire unpaid balance of Principal and Interest will be due July 1, 2021.

Payments will be rounded to the nearest $.01. With the final payment I also agree to pay any additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

Each payment I make on this Note will be applied first to interest that is due, then to principal that is due, then to late charges that are due, and finally to any charges that I owe other than principal and interest. If you and I agree to a different application of payments, we will describe our agreement on this Note. You may change how payments are applied in your sole discretion without notice to me. The actual amount of my final payment will depend on my payment record.

**7. PREPAYMENT.** I may prepay this Loan in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**8. LOAN PURPOSE.** The purpose of this Loan is RENEW LN   2332/REFINANCE 2 AUTOS BASED ON COURT ORDERED DOCUMENTS.

**9. ADDITIONAL TERMS.**
**WAIVER OF JURY TRIAL.** You agree that YOU WAIVE YOUR RIGHT TO A JURY TRIAL in any dispute with us. Such disputes may be tried before a judge only.

**JURISDICTION AND VENUE.** Any action or proceeding regarding your Note or your loan agreement must be brought in Mississippi state courts located in Lowndes County, Mississippi, or in the United States District Court for the Northern District of Mississippi, if Federal jurisdiction applies. You submit to the personal jurisdiction of Mississippi. Note that any action or proceeding will be governed by and interpreted in accordance with Mississippi law as stated in the Applicable Law section of your Note.

**10. SECURITY.** The Loan is secured by previously executed, separate security instruments described as follows:

| Description | Date |
|---|---|
| SECURITY AGREEMENT DATED 01/31/13 COVERING 2005 HH2 HUMMER VIN: 5GRGN23U05H127512 AND 2006 BMW M6 VIN: WBSEH93486B798139 | January 31, 2013 |

**11. LIMITATIONS ON CROSS-COLLATERALIZATION.** The cross-collateralization clause on any existing or future loan, but not including this Loan, is void and ineffective as to this Loan, including any extension or refinancing.

The Loan is not secured by a previously executed security instrument if a non-possessory, non-purchase money security interest is created in "household goods" in connection with a "consumer loan," as those terms are defined by federal law governing unfair and deceptive credit practices. The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Real Estate Settlement Procedures Act, (Regulation X), that are required for loans secured by the Property or if, as a result, the other debt would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act, (Regulation Z), that are required for loans secured by the Property.

**12. DEFAULT.** I understand that you may demand payment anytime at your discretion. For example, you may demand payment in full if any of the following events (known separately and collectively as an Event of Default) occur:

**A. Payments.** I fail to make a payment in full when due.

**B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me or any co-signer, endorser, surety or guarantor of this Note or any other obligations I have with you.

**C. Death or Incompetency.** I die or am declared legally incompetent.

**D. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Note.

**E. Other Documents.** A default occurs under the terms of any other Loan Document.

**F. Other Agreements.** I am in default on any other debt or agreement I have with you.

**G. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

**H. Judgment.** I fail to satisfy or appeal any judgment against me.

**I. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**J. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**K. Property Transfer.** I transfer all or a substantial part of my money or property.

**L. Property Value.** You determine in good faith that the value of the Property has declined or is impaired.

**M. Insecurity.** You determine in good faith that a material adverse change has occurred in my financial condition from the conditions set forth in my most recent financial statement before the date of this Note or that the prospect for payment or performance of the Loan is impaired for any reason.

**13. DUE ON SALE OR ENCUMBRANCE.** You may, at your option, declare the entire balance of this Note to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law, as applicable.

EDWARD F CROCKER JR
Mississippi Promissory Note
MS/4XXXXXXXX00000000001289024072617N

Wolters Kluwer Financial Services ©1996, 2017 Bankers Systems™

Initials _____
Page 2

**14. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

    **A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

        **(1)** You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

        **(2)** You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

        **(3)** You may release, substitute or impair any Property securing this Note.

        **(4)** You, or any institution participating in this Note, may invoke your right of set-off.

        **(5)** You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

        **(6)** I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

    **B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon your strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**15. REMEDIES.** After I default, you may at your option do any one or more of the following.

    **A. Acceleration.** You may make all or any part of the amount owing by the terms of this Note immediately due.

    **B. Sources.** You may use any and all remedies you have under state or federal law or in any Loan Document.

    **C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

    **D. Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and may be added to the balance owing under the terms of this Note, and accrue interest at the highest post-maturity interest rate.

    **E. Attachment.** You may attach or garnish my wages or earnings.

    **F. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Note against any right I have to receive money from you.

    My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Note" means the total amount to which you are entitled to demand payment under the terms of this Note at the time you set-off.

    Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay this Note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

    Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

    You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

    **G. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**16. COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note or any other Loan Document. Expenses include, but are not limited to, attorneys' fees, court costs and other legal expenses. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as provided for in the terms of this Note. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**17. COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**18. WARRANTIES AND REPRESENTATIONS.** I have the right and authority to enter into this Note. The execution and delivery of this Note will not violate any agreement governing me or to which I am a party.

**19. INSURANCE.** I agree to obtain the insurance described in this Loan Agreement.

    **A. Property Insurance.** I will insure or retain insurance coverage on the Property and abide by the insurance requirements of any security instrument securing the Loan.

    **B. Insurance Warranties.** I agree to purchase any insurance coverages that are required, in the amounts you require, as described in this or any other documents I sign for the Loan. I will provide you with continuing proof of coverage. I will buy or provide insurance from a firm licensed to do business in the State where the Property is located. If I buy or provide the insurance from someone other than you, the firm will be reasonably acceptable to you. I will have the insurance company name you as loss payee on any insurance policy. You will apply the insurance proceeds toward what I owe you on the outstanding balance. I agree that if the insurance proceeds do not cover the amounts I still owe you, I will pay the difference. I will keep the insurance until all debts secured by this agreement are paid. If I want to buy the insurance from you, I have signed a separate statement agreeing to this purchase.

**20. APPLICABLE LAW.** This Note is governed by the laws of Mississippi, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Mississippi, unless otherwise required by law.

**21. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan. Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan. This Note shall inure to the benefit of and be enforceable by you and your successors and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

---

**22. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act (Regulation Z) or the Real Estate Settlement Procedures Act (Regulation X) that are required for loans secured by the Property or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

**23. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

**24. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail or via a nationally recognized overnight courier to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

**25. CREDIT INFORMATION.** I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

**26. ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

**27. SIGNATURES.** By signing, I agree to the terms contained in this Note. I also acknowledge receipt of a copy of this Note.


BORROWER:


_____ Date_____
EDWARD F CROCKER JR

EDWARD F CROCKER JR
Mississippi Promissory Note
MS/4XXXXXXXX0000000000012890240726517N

Wolters Kluwer Financial Services ©1996, 2017 Bankers Systems™

Initials _____
Page 4