IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:
EDWARD F. CROCKER                                    CASE NO. 17-11811-JDW
DEBTOR                                                              CHAPTER 11

## PLAN OF REORGANIZATION

Unless otherwise defined, the capitalized terms contained in this Plan of Reorganization (the "Plan") shall have the same meanings as described in the Disclosure Statement. All capitalized terms used in the Plan not defined herein or in the Disclosure Statement, but which are defined in the Bankruptcy Code, shall have the respective meanings ascribed in the Bankruptcy Code. All capitalized terms used but not defined in the Plan, in the Disclosure Statement or in the Bankruptcy Code shall have the respective meanings ascribed in the Bankruptcy Rules.

### ARTICLE I

### CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

The Plan divides the Claims against and Interests in the Debtor into various Classes pursuant to Bankruptcy Code Section 1122. Set forth below is a description of the general Classes of Claims against and Interests in the Debtor and their treatment under the Plan. A Claim or Interest is classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of the Class and is classified in a different Class to the extent that the Claim or Interest qualifies within the description of that different Class.

The Debtor classifies Claims in the following Classes:

**Class 1:**   **Administrative Claims**

**Class 2:**   **Priority Claims**

| | |
|---|---|
| **Class 3:** | **Secured Claim of BankFirst Financial Services ("BankFirst")** |
| **Class 4:** | **Additional Secured Claim of BankFirst** |
| **Class 5:** | **Secured Claims of Regions Bank ("Regions")** |
| **Class 6:** | **General Unsecured Creditors** |
| **Class 7:** | **Equity Interest** |

## ARTICLE II

## TREATMENT OF CLAIMS AND INTERESTS

The Claims as classified in Article I shall be satisfied as follows:

**Class 1:**     **Administrative Claims**

This Class consists of the administrative expenses and claims of professionals and of the United States Trustee under §503(b) of the Bankruptcy Code and all fees and charges assessed against the Debtor under Title 28 of the United States Code. The compensation of professionals, such as attorneys and accountants, is subject to approval by the Court. The timing of payment to such professionals for compensation for services rendered and reimbursement of expenses will be made as authorized and allowed by the Court. The Court will review all requests for compensation and reimbursement of expenses.

All Class 1 expenses and claims for fees will be paid as provided for in future Court Orders, or as may be agreed upon, except that fees due to the Office of the United States Trustee will be paid as and when due until this Case is closed, converted or dismissed.

**Class 2:**     **Priority Claims**

Priority claims will be paid within sixty (60) months from the Effective Date of the Plan, in

equal monthly installments of principal and statutory interest so as to fully pay the priority claims over the sixty (60) month amortization period.

**Class 3:    Secured Claim of BankFirst**

The secured claims of BankFirst in this Class are secured by a 2005 Hummer H2 automobile. The terms, conditions and treatment of the BankFirst secured claims are set forth in an Agreed Order entered July 31, 2017, a copy of which is attached, incorporated by reference and marked as **Exhibit "A"**. The terms, conditions, and provisions of the payments to the secured creditor in this Class are controlled by Exhibit "A". Debtor will continue to honor his obligations that are set forth in Exhibit "A" through confirmation until that claim is paid in full.

The secured claims of BankFirst in this Class are impaired.

**Class 4:    Additional Secured Claim of BankFirst**

The secured claims of BankFirst Financial Services in this Class are secured by a 2006 BMW automobile. The terms, conditions and treatment of the BankFirst claims are also set forth in the Agreed Order entered July 31, 2017, a copy of which is attached as **Exhibit "A"**. The terms, conditions, and provisions of the payments to the secured creditor in this Class are controlled by Exhibit "A". Debtor will continue to honor his obligations that are set forth in Exhibit "A" through confirmation until that claim is paid in full.

The secured claims of BankFirst Financial Services are impaired.

**Class 5:    Secured Claims of Regions**

The secured claims of Regions are secured by the Debtor's residence located at Chickasaw Drive in Columbus, Mississippi. The collateral in this Class (the Debtor's home) has a value of approximately the amount of the debt. Accordingly, the "new" principal of the secured claim of

Regions is adjusted to be $375,000.00. In order to satisfy and pay this secured claim, the Debtor will amortize the indebtedness over a twenty (20) year period, with interest at 4.75%, with the principal and interest to be paid in equal monthly installments over the life of the twenty (20) year reamortization of the new principal indebtedness. The first payment shall be made upon the Effective Date. The Debtor will maintain insurance and taxes on the collateral in this Class in a current status.

This secured claim is impaired.

**Class 6:    General Unsecured Creditors**

The Debtor will provide his projected disposable income to the unsecured creditors over the sixty (60) month life of the Plan. His projected disposable income will be determined by deducting, from his gross income; reasonable costs of living; current taxes due and owing to local, state and federal authorities; secured debt; administrative expenses; priority debt and sufficient funds for payment of overhead for three (3) months. Upon the anniversary dates of the Effective Date, the Debtor will determine his projected income for the twelve (12) months preceding those dates and disburse it, pro rata, to his unsecured creditors. In addition, the Debtor will make a lump sum payment to his unsecured creditors of $25,000.00 on the Effective Date to be shared among the Unsecured Creditors Class members.

**Class 7:    Equity Interest**

The Debtor shall maintain his "equity" interests he owns in his sole proprietorship.

## ARTICLE III

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

On the Effective Date, each executory contract and/or unexpired lease in which the Debtor is a party that has not been assumed or rejected in conjunction with the Plan before the Confirmation (with the approval of the Court) shall be deemed rejected. Claims created by the rejection of any executory contract or unexpired lease must be served on counsel for the Debtor and filed with the Court no later than sixty (60) days after the entry of a Final Order Confirming the Plan. Any Claim not filed within such time will be forever barred as against the estate and the Debtor. All such Claims arising from the rejection of an executory contract or unexpired lease shall be treated under the Plan as General, Unsecured Claims (Class 6) under the Plan. All insurance policies under which the Debtor is the insured party shall be deemed assumed as of the Confirmation Date.

## ARTICLE IV

## CLOSING DATE

The Closing Date shall be the Effective Date. The Effective Date of the Plan shall be sixty (60) days after the Order confirming the Plan becomes final and non-appealable.

## ARTICLE V

## MEANS FOR EXECUTION OF THE PLAN

The Debtor's means of execution of the Plan will be provided from the base salary he receives from his current employer. This income will provide the Debtor the ability to pay creditors with which he can fund the Plan.

## ARTICLE VI

## RATIFICATION OF THE PLAN

Alterations or modifications of the Plan may be approved by the Court without notice to creditors if the Court finds that such alterations or modifications do not materially or adversely affect the interests of the creditors. If any alterations or modifications of the Plan are proposed which Court finds to materially or adversely effect the interest of creditors, notice and description of such alteration of modification shall be given to all Creditors adversely affected.

## ARTICLE VII

## INVALIDATION OF LIENS AND DISCHARGE

All liens securing Claims which are not Allowed pursuant to the provisions of the Plan or Bankruptcy Code Sections 502 and 506 shall be invalidated and deemed null and void and of no further force and effect. The provisions of the confirmed Plan shall bind all Creditors and parties in interest, whether or not they accept the Plan and shall discharge the Debtor from all claims that arose prior to Confirmation. The distributions provided under the Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims and Interests regarding any of the Debtor's assets or properties, including Claims arising after the date of filing of the Petition and prior to Confirmation. Unless otherwise specifically provided to the contrary herein or in the Confirmation Order, on or after Confirmation, all Holders of Claims or Interests shall be precluded from asserting any Claim against the Debtor or his assets or properties.

The Debtor shall not receive a discharge until all payments have been completed under the sixty (60) month "life" of the Plan.

However, the Debtor may close this Chapter 11 case prior to the full 60 month life of the Plan. Upon completion of the plan payments, the Debtor shall move to reopen the case for the purpose of obtaining his discharge, but the Debtor will not be required to pay a filing fee upon reopening of the case, nor will he be required to file monthly operating reports or pay fees to the Office of the United States Trustee for the limited period of time he will be seeking his discharge after reopening the case.

## ARTICLE VIII

## REVESTING OF PROPERTY

Except as otherwise provided herein, property of the Debtor shall revest in the Reorganized Debtor on the Effective Date. Subsequent to the Effective Date, the Reorganized Debtor may buy, use, acquire, and dispose of property, free of any restrictions contained in the Bankruptcy Code.

## ARTICLE IX

## UNITED STATES TRUSTEE'S FEES

The Debtor's proposed Plan, pursuant to 28 U.S.C. §1930(a)(6), provides payment to the United States Trustee of the appropriate sums required for all disbursements made by the Debtor during the Chapter 11 proceeding. In addition, the proposed Plan provides that the Debtor will make payments to the United States Trustee of the appropriate sums required for all disbursements made by the Debtor pursuant to the terms of the proposed Plan, including the payment of post-confirmation quarterly fees as required by 11 U.S.C. § 1129(a)(12) until such time as this case is converted, dismissed or closed by the Court. Additionally, the Debtor shall submit to the U.S. Trustee post confirmation monthly operating reports in the format prescribed by the U.S. Trustee until such time as this case is converted, dismissed or closed by the Court.

## ARTICLE X

## JURISDICTION OF THE COURT

The Court shall retain jurisdiction until the Plan has been fully consummated including, but not limited to, the following purposes:

1. Determination of all questions and disputes regarding title to the assets of the Debtor's estate and determination of all causes of action, controversies, disputes and conflicts, whether or not subject to action pending as of the Confirmation date, between the Debtor and any party, including, but not limited to, the right of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

2. The correction of any defect, curing of any omission, or reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan.

3. Enforcement, modification or interpretation of the terms and the conditions of the Plan to the extent of appropriate under the Bankruptcy Rules and Title 11 of the United States Code.

4. Entry of any Order, including injunctions, necessary to enforce the title, rights and powers as the Court may deem necessary.

5. Entry of an Order concluding and terminating this Case upon completion of this provisions.

THIS, the _9th_ day of July, 2018.

Respectfully submitted,

EDWARD F. CROCKER

By His Attorneys

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
      Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.conm
jnichols@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Crocker, Ed\DS,Plan\Plan.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Sammye S. Tharp, Esq.
Office of the United States Trustee
Sammye.S.Tharp@usdoj.gov

THIS, the 9th day of July, 2018.

_____
Craig M. Geno



SO ORDERED,

Judge Jason D. Woodard

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI (Aberdeen)

IN RE:    EDWARD F. CROCKER    CASE NO. 17-11811-JDW
                                CHAPTER 11

### AGREED ORDER RESOLVING BANKFIRST FINANCIAL SERVICES' MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY FROM DEBTOR'S ESTATE OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION [DKT. 30]

On consideration before the Court is the motion of BankFirst Financial Services ("Bank-First"), for relief from the automatic stay now protecting the interests of the Debtor, Edward F. Crocker ("Debtor"), in the personal property further described herein and for abandonment of same from the Debtor's estate or, in the alternative, for adequate protection ("Motion for Relief") [Dkt. 30], and the Debtor's response thereto [Dkt. 56], the parties hereto having reached a compromise and settlement of their respective positions hereby agree as follows, to-wit:

1.    This Court has jurisdiction over the subject matter herein and the parties hereto pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362, 11 U.S.C. § 361, and 11 U.S.C. § 554, along with other related statutes and rules. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A) and (G). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and procedural predicates for relief are §§ 362, 361 and 554 and Fed. R. Bankr. P. 4001(b).

2.    On or about January 31, 2013, the Debtor executed a Promissory Note and Securi

1016974


EXHIBIT "A"

ty Agreement (the "Note") in the principal amount of $134,340.40 payable to BankFirst.

3. To secure the indebtedness due under the Note, the Debtor granted BankFirst a valid and first perfected security interest in one 2006 BMW Model M6 bearing vehicle identification number WBSEH93486B798139 (the "BMW") and one (1) 2005 Hummer Model HH2 bearing vehicle identification number 5GRGN23U05H127512 (the "Hummer"). The BMW and Hummer may sometimes hereafter be collectively referred to as the "Collateral."

4. On or about June 27, 2013, the Debtor executed a renewal promissory note in the principal amount of $134,440.40 payable to BankFirst through which the maturity date under the Note was extended from February 28, 2013, to August 5, 2013 (the "Renewal Note").

5. On August 30, 2016, the Debtor executed his most recent Debt Modification Agreement with BankFirst. At the time of execution of the referenced Debt Modification Agreement, the Debtor owed $44,130.99 under the Note and Renewal Note. Pursuant to the terms of the Debt Modification Agreement, the Debtor agreed to pay BankFirst in installments of accrued interest beginning October 3, 2016, and then on the third (3rd) day of each month thereafter, with the entire balance of unpaid principal and interest due on March 3, 2017 (the "Maturity Date"). Copies of the Note, Renewal Note, Debt Modification Agreement and State of Mississippi Certificates of Title evidencing BankFirst's liens on the Collateral are attached to the Motion for Relief as collective Exhibit "1" and incorporated herein by reference.

5. On May 16, 2017 ("Petition Date"), the Debtor filed his voluntary petition for relief pursuant to Chapter 11, Title 11 of the *United States Code*. Thereafter, the Debtor has continued to operate as a debtor-in-possession. No trustee, examiner or official committee of unsecured creditors has been appointed in this case.

6. To resolve the Motion for Relief, the parties hereto agree as follows, to-wit:

1016974

A.   The Debtor hereby agrees to renew the Note and to secure same with the BMW and the Hummer by execution of the Promissory Note and Security Agreement attached hereto as Exhibit "A," or by execution of a version substantially similar thereto. Specifically, the Debtor hereby agrees to pay BankFirst the sum of $34,000.00, representing the aggregate agreed upon and court ordered value of the BMW ($17,000.00) and the Hummer ($17,000.00) amortized over forty-eight (48) months at an annual rate of interest of 5.00% beginning August 1, 2017, and continuing on the same day of each month thereafter with the final payment being due July 1, 2021. Principal and interest payments shall be $783.00 per month and shall be made to BankFirst Financial Services, c/o Desse Guest, P.O. Box 325, West Point, Mississippi 39773.

B.   Should any payment required by the terms and conditions of this Agreed Order not be received by BankFirst in good and sufficient funds on or before its due date, BankFirst may provide written notice of monetary default to the Debtor and counsel for the Debtor. Written notice of default shall be transmitted by electronic mail to counsel for the Debtor and regular United States mail to the Debtor. If, after ten (10) days from the date of the referenced notice, the Debtor has failed to completely cure the monetary default by payment of same in good and sufficient funds (BankFirst must receive payment by 5:00 p.m., CST no later than the tenth (10th) day following the date of written notice of default), the automatic stay now protecting the Debtor's interest in the BMW and Hummer shall lift and, furthermore, same shall be deemed abandoned from the Debtor's estate without further order of the Court.

C.   The Debtor further agrees to provide BankFirst, through its undersigned counsel, proof of adequate insurance (declarations page) on the BMW and Hummer within fourteen (14) days of the date of entry of this Agreed Order. Further, BankFirst shall be named as first lienholder on the referenced policies. In the event the Debtor fails to provide adequate proof of

1016974

insurance on the Collateral within fourteen (14) days of the date of entry of this Agreed Order, the automatic stay now protecting the Debtor's interest in the Collateral shall lift and, furthermore, same shall be deemed abandoned from the Debtor's estate without further order of the Court.

D.  Following provision of proof of insurance to BankFirst as set forth in subparagraph C. above, the Debtor agrees to maintain insurance on the Collateral. In the event there is a lapse in insurance coverage on the BMW or Hummer, BankFirst shall provide written notice of this non-monetary default to the Debtor and counsel for the Debtor. Written notice of default shall be transmitted by electronic mail to counsel for the Debtor and by regular United States mail to the Debtor. In the event the Debtor fails to provide proof of insurance to BankFirst, through its undersigned counsel, within fourteen (14) days of the date of written notice of default, the automatic stay now protecting the Debtor's interest in the Collateral shall lift and, furthermore, same shall be deemed abandoned from the Debtor's estate without further order of the Court.

E.  The terms and conditions of this Agreed Order shall be incorporated in the Debtor's prospective Disclosure Statement and Chapter 11 Plan of Reorganization.

F.  Should the Debtor fail to confirm a Chapter 11 Plan of Reorganization, this case convert to a Chapter 7 case, or a trustee or examiner be appointed in this Chapter 11 case, then the "automatic stay," as contemplated by 11 U.S.C. §362, presently protecting the Debtor's interests in the Collateral shall immediately lift and, furthermore, the Collateral shall be deemed abandoned from the Debtor's estate pursuant to the directives of 11 U.S.C. § 554, without further order of the Court. However, should the Debtor's case be dismissed, converted to a Chapter 7, or a trustee or examiner be appointed in this Chapter 11 case, then the terms and conditions of this

1016974

Agreed Order, and related Promissory Note and Security Agreement, shall nevertheless still be binding upon the Debtor and BankFirst.

G. The terms and conditions of this Agreed Order shall be immediately binding upon the Debtor and BankFirst upon execution of same.

H. The provisions of this Agreed Order shall be binding upon and inure to the benefit of BankFirst and the Debtor, and their respective successors and assigns.

I. The provisions of Rule 4001 of the *Federal Rules of Bankruptcy Procedure* which would stay for fourteen (14) days the relief afforded to BankFirst upon certain events as described herein shall be waived or otherwise not apply.

J. The Court shall retain jurisdiction over this Agreed Order and the parties named herein.

## END OF ORDER ##

APPROVED AS TO FORM AND CONTENT:

/s/ James P. Wilson, Jr. (MSB 10783)
James P. Wilson Jr.
Mitchell, McNutt & Sams, P.A.
P.O. Box 1366
Columbus, MS 39703-1366
jwilson@mitchellmcnutt.com
662.328.2316
*Attorney for CB&S*

/s/ Craig M. Geno *(with permission by JPW)*
Craig M. Geno
Law Office of Craig M. Geno
587 Highland Colony Parkway
Ridgeland, MS 39157
cmgeno@cmgenolaw.com
*Attorney for Debtor*

1016974

| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| 2332 | EDWARD F CROCKER JR | 30950 | 07/25/17 | AEB |
| NOTE AMOUNT | INDEX (w/Margin) | RATE | MATURITY DATE | LOAN PURPOSE |
| $34,000.00 | Not Applicable | 5.000% | 07/01/21 | Commercial |
| | | Creditor Use Only | | |

## PROMISSORY NOTE
(Commercial - Single Advance)
RENEWAL NOTE

DATE AND PARTIES. The date of this Promissory Note (Note) is July 25, 2017. The parties and their addresses are:

LENDER:
BANKFIRST FINANCIAL SERVICES
P O Box 1248
Columbus, MS 39703
Telephone: 662-328-2345

BORROWER:
EDWARD F CROCKER JR
1636 CHICKASAW DR
COLUMBUS, MS 39705-2316

1. DEFINITIONS. As used in this Note, the terms have the following meanings:

A. Pronouns. The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Note. "You" and "Your" refer to the Lender, any participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan.

B. Note. Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.

C. Loan. Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.

D. Loan Documents. Loan Documents refer to all the documents executed as a part of or in connection with the Loan.

E. Property. Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.

F. Percent. Rates and rate change limitations are expressed as annualized percentages.

G. Dollar Amounts. All dollar amounts will be payable in lawful money of the United States of America.

2. RENEWAL. This Note is a renewal of the following described note:

| Note Date | Note Number | Note Amount |
|---|---|---|
| January 31, 2013 | 2332 | $134,340.40 |

I have requested that the note listed in the table above be renewed. The remaining balance of the note listed in the table above is $45,560.33.

3. PROMISE TO PAY. For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, the principal sum of $34,000.00 (Principal) plus interest from July 25, 2017 on the unpaid Principal balance until this Note matures or this obligation is accelerated.

4. INTEREST. Interest will accrue on the unpaid Principal balance of this Note at the rate of 5.000 percent (Interest Rate).

A. Post-Maturity Interest. After maturity or acceleration, interest will accrue on the unpaid Principal balance of this Note at the Interest Rate in effect from time to time, until paid in full.

B. Maximum Interest Amount. Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by applicable law. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

C. Statutory Authority. The amount assessed or collected on this Note is authorized by the Mississippi usury laws under Miss. Code Ann. Title 75, Chapter 17.

D. Accrual. Interest accrues using an Actual/360 days counting method.

5. REMEDIAL CHARGES. In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

A. Late Charge. If a payment is more than 15 days late, I will be charged 4.000 percent of the Unpaid Portion of Payment or $5.00, whichever is greater. However, this charge will not be greater than $50.00. I will pay this late charge promptly but only once for each late payment.

EDWARD F CROCKER JR
Mississippi Promissory Note
MS/4XXXXXXXX00000000001289024072617N

Wolters Kluwer Financial Services ©1996, 2017 Bankers Systems™

Initials _____
Page 1


EXHIBIT A

**6. PAYMENT.** I agree to pay this Note on demand, but if no demand is made, I agree to pay this Note in 48 payments. I will make 47 payments of $781.58 beginning on August 1, 2017, and on the 1st day of each month thereafter. A single, final payment of the entire unpaid balance of Principal and interest will be due July 1, 2021.

Payments will be rounded to the nearest $.01. With the final payment I also agree to pay any additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

Each payment I make on this Note will be applied first to interest that is due, then to principal that is due, then to late charges that are due, and finally to any charges that I owe other than principal and interest. If you and I agree to a different application of payments, we will describe our agreement on this Note. You may change how payments are applied in your sole discretion without notice to me. The actual amount of my final payment will depend on my payment record.

**7. PREPAYMENT.** I may prepay this Loan in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**8. LOAN PURPOSE.** The purpose of this Loan is RENEW LN    2332/REFINANCE 2 AUTOS BASED ON COURT ORDERED DOCUMENTS.

**9. ADDITIONAL TERMS.**
**WAIVER OF JURY TRIAL.** You agree that YOU WAIVE YOUR RIGHT TO A JURY TRIAL in any dispute with us. Such disputes may be tried before a judge only.

**JURISDICTION AND VENUE.** Any action or proceeding regarding your Note or your loan agreement must be brought in Mississippi state courts located in Lowndes County, Mississippi, or in the United States District Court for the Northern District of Mississippi, if Federal jurisdiction applies. You submit to the personal jurisdiction of Mississippi. Note that any action or proceeding will be governed by and interpreted in accordance with Mississippi law as stated in the Applicable Law section of your Note.

**10. SECURITY.** The Loan is secured by previously executed, separate security instruments described as follows:

| Description | Date |
|---|---|
| SECURITY AGREEMENT DATED 01/31/13 COVERING 2005 HH2 HUMMER VIN: 5GRGN23U05H127512 AND 2006 BMW M6 VIN: WBSEH93486B798139 | January 31, 2013 |

**11. LIMITATIONS ON CROSS-COLLATERALIZATION.** The cross-collateralization clause on any existing or future loan, but not including this Loan, is void and ineffective as to this Loan, including any extension or refinancing.

The Loan is not secured by a previously executed security instrument if a non-possessory, non-purchase money security interest is created in "household goods" in connection with a "consumer loan," as those terms are defined by federal law governing unfair and deceptive credit practices. The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Real Estate Settlement Procedures Act, (Regulation X), that are required for loans secured by the Property or if, as a result, the other debt would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act, (Regulation Z), that are required for loans secured by the Property.

**12. DEFAULT.** I understand that you may demand payment anytime at your discretion. For example, you may demand payment in full if any of the following events (known separately and collectively as an Event of Default) occur:

   A. **Payments.** I fail to make a payment in full when due.

   B. **Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me or any co-signer, endorser, surety or guarantor of this Note or any other obligations I have with you.

   C. **Death or Incompetency.** I die or am declared legally incompetent.

   D. **Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Note.

   E. **Other Documents.** A default occurs under the terms of any other Loan Document.

   F. **Other Agreements.** I am in default on any other debt or agreement I have with you.

   G. **Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

   H. **Judgment.** I fail to satisfy or appeal any judgment against me.

   I. **Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

   J. **Name Change.** I change my name or assume an additional name without notifying you before making such a change.

   K. **Property Transfer.** I transfer all or a substantial part of my money or property.

   L. **Property Value.** You determine in good faith that the value of the Property has declined or is impaired.

   M. **Insecurity.** You determine in good faith that a material adverse change has occurred in my financial condition from the conditions set forth in my most recent financial statement before the date of this Note or that the prospect for payment or performance of the Loan is impaired for any reason.

**13. DUE ON SALE OR ENCUMBRANCE.** You may, at your option, declare the entire balance of this Note to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law, as applicable.

---

**14. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

    **A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

        (1) You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

        (2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

        (3) You may release, substitute or impair any Property securing this Note.

        (4) You, or any institution participating in this Note, may invoke your right of set-off.

        (5) You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

        (6) I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

    **B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**15. REMEDIES.** After I default, you may at your option do any one or more of the following.

    **A. Acceleration.** You may make all or any part of the amount owing by the terms of this Note immediately due.

    **B. Sources.** You may use any and all remedies you have under state or federal law or in any Loan Document.

    **C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

    **D. Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and may be added to the balance owing under the terms of this Note, and accrue interest at the highest post-maturity interest rate.

    **E. Attachment.** You may attach or garnish my wages or earnings.

    **F. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Note against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Note" means the total amount to which you are entitled to demand payment under the terms of this Note at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay this Note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

    **G. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**16. COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note or any other Loan Document. Expenses include, but are not limited to, attorneys' fees, court costs and other legal expenses. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as provided for in the terms of this Note. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**17. COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**18. WARRANTIES AND REPRESENTATIONS.** I have the right and authority to enter into this Note. The execution and delivery of this Note will not violate any agreement governing me or to which I am a party.

**19. INSURANCE.** I agree to obtain the insurance described in this Loan Agreement.

    **A. Property Insurance.** I will insure or retain insurance coverage on the Property and abide by the insurance requirements of any security instrument securing the Loan.

    **B. Insurance Warranties.** I agree to purchase any insurance coverages that are required, in the amounts you require, as described in this or any other documents I sign for the Loan. I will provide you with continuing proof of coverage. I will buy or provide insurance from a firm licensed to do business in the State where the Property is located. If I buy or provide the insurance from someone other than you, the firm will be reasonably acceptable to you. I will have the insurance company name you as loss payee on any insurance policy. You will apply the insurance proceeds toward what I owe you on the outstanding balance. I agree that if the insurance proceeds do not cover the amounts I still owe you, I will pay the difference. I will keep the insurance until all debts secured by this agreement are paid. If I want to buy the insurance from you, I have signed a separate statement agreeing to this purchase.

**20. APPLICABLE LAW.** This Note is governed by the laws of Mississippi, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Mississippi, unless otherwise required by law.

**21. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan. Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan. This Note shall inure to the benefit of and be enforceable by you and your successors and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**22. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act (Regulation Z) or the Real Estate Settlement Procedures Act (Regulation X) that are required for loans secured by the Property or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

**23. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

**24. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail or via a nationally recognized overnight courier to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

**25. CREDIT INFORMATION.** I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

**26. ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

**27. SIGNATURES.** By signing, I agree to the terms contained in this Note. I also acknowledge receipt of a copy of this Note.

BORROWER:

_____ Date_____
EDWARD F CROCKER JR

---

EDWARD F CROCKER JR
Mississippi Promissory Note
MS/4XXXXXXXX00000000000128S024072617N         Wolters Kluwer Financial Services ©1996, 2017 Bankers Systems™         Initials _____
                                                                                                                     Page 4