IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

**EDWARD F. CROCKER**  **CASE NO.:  17-11811-JDW**

**DEBTOR**  **CHAPTER: 11**

---

**MISSISSIPPI DEPARTMENT OF REVENUE'S
OBJECTION TO CONFIRMATION OF DEBTOR'S
PLAN OF REORGANIZATION**

---

**COMES NOW**, the Mississippi Department of Revenue ("MDOR"), by and through counsel, and files this Objection ("Objection") to the confirmation of the Debtor's *Plan of Reorganization* [Dkt. # 110] ("Plan"). In support of this Objection, MDOR would show the Court the following:

1.  **Proof of Claim.** MDOR is a creditor in this matter. On July 31, 2017 it amended timely filed amended proof of claim 5-1 (filed on July 25, 2017) with proof of claim 5-2. Proof of Claim 5-2 reflects a pre-petition debt of $10,945 for income taxes, classified as follows: $9,321.00 priority and the remainder general unsecured.

2.  **Article II, Class I: Administrative Claims.** As of the date of filing this Objection, MDOR has not received the Debtor's tax return for 2017. This article fails to provide MDOR with its statutory protections regarding this potential claim. The Bankruptcy Code makes clear that prior to confirmation of a plan, the entire amount of any debt owed to MDOR for post-petition taxes, including all tax, interest, and penalties accrued through the date of payment, will be paid in full in one lump sum when due without any requirement that MDOR file any claim or request for

payment. 11 U.S.C. § 503(b)(1)(B), (C) and (D). Thus, the language in this section should state that:

> MDOR shall not be required to file any proofs of claim or requests for payment for the liabilities described in section 503(1)(B) of the Bankruptcy Code. The Reorganized Debtor/Debtor shall timely submit returns and remit payment, including penalties and interest, for all taxes due or coming, as required under applicable Mississippi state law and any currently unpaid taxes, penalties or interest or unfiled returns shall be paid and filed prior to the Confirmation Date. Should the Reorganized Debtor/Debtor fail to so timely file and pay, MDOR may proceed with Mississippi state law remedies for collection of any amounts including filing liens against Debtor's assets and properties and forcing collections based on those liens. The automatic stay provisions of 11 U.SC. §362 shall not apply to any such collection activities.

3. **Article II, Class 2: Priority Claims - Default Provision**. The Plan fails to provide adequate remedies in the event of a default in the payment of the Priority Tax Claims. Section 1123(a)(5)(G) of the Bankruptcy Code states that a plan should provide adequate means for its implementation, including the curing of defaults. Without adequate default remedies, the Plan may preclude MDOR from enforcing its rights as a creditor in non-bankruptcy forums. Default remedy language similar to the following has been approved in many bankruptcy cases in this and other districts and should be added to the plan or confirmation order in this case:

> In the event of a default in payment of Priority Tax Claims of the MDOR, the MDOR shall send written notice of default to the Debtor or the Reorganized Debtor, as applicable, to the address in MDOR's records. If such default is not cured within 10 business days after such notice of default is mailed, the MDOR may (a) enforce the entire amount of its claim; (b) proceed with Mississippi state law remedies for collection of any amounts due including filing liens against Debtor's assets and properties and forcing collections based on those liens; and/or (c) seek such relief as may be available from the Court. The automatic stay provisions of 11 U.SC. §362 shall not apply to any such collection activities.

4. **Post- Confirmation Tax Liability**. The Plan vests the property of the Estate in the Debtor at the Effective Date and also provides that the Debtor may close this case prior to the expiration of the 60-month Plan. To avoid any doubt about MDOR's right to engage in its statutory

collection activities with regard to post-Effective Date taxes, MDOR asserts that the Plan should include the following language:

> The Debtor or Reorganized Debtor, as applicable, shall timely submit returns and remit payment, including penalties and interest, for all post-Effective date taxes as required under applicable Mississippi state law, and, should the Debtor or Reorganized Debtor, as applicable, fail to so timely file and pay, MDOR may proceed with Mississippi state law remedies for collection of any amounts due including filing liens against Debtor's assets and properties and forcing collections based on those liens. The automatic stay provisions of 11 U.SC. §362 shall not apply to any such collection activities.

5.    MDOR also objects to the Plan for other reasons to be determined at a hearing set on this matter.

WHEREFORE, PREMISES CONSIDERED, the Mississippi Department of Revenue prays that the Debtor's Plan of Reorganization not be approved unless the provisions set forth in an amended plan or the confirmation order are in accordance with the above-stated objections. Further, Mississippi Department of Revenue prays for general relief.

RESPECTFULLY SUBMITTED this the September 24, 2018.

          MISSISSIPPI DEPARTMENT OF REVENUE

BY:   Signed:  /s/ Sylvie D. Robinson
        Sylvie D. Robinson (MSB # 8931)
        Mississippi Department of Revenue
        Post Office Box 22828
        Jackson, MS 39225
        Telephone: 601-923-7414
        Facsimile: 601-923-7423
        E-mail: Sylvie.robinson@dor.ms.gov

## CERTIFICATE OF SERVICE

I, Sylvie D. Robinson, attorney for the Mississippi Department of Revenue, hereby certify that I served this day electronically a true and correct copy of the foregoing *Objection to Confirmation of Plan* via the ECF system to all properly registered parties, including the following:

Debtor's Attorneys
Craig Geno
Jarret Nichols
Email: cmgeno@cmgenolaw.com
Email: jnichols@cmgenolaw.com

United States Trustee
Email: USTPRegion05.JA.ECF@usdoj.gov

Attorney for U.S. Trustee
Sammye S. Tharp
Sammye.S.Tharp@usdoj.gov

And by U.S. Mail, postage prepaid, to:

Edward F. Crocker
1636 Chickasaw Drive
Columbus, MS 39705

Date: September 24, 2018                                BY: s/Sylvie D. Robinson