UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

In re:    Edward F. Crocker                                    Case no. 17-11811

Debtor(s) In Possession                                        Chapter 11

## OBJECTION TO CHAPTER 11 PLAN OF REORGANIZATION
[DKT. 110]

Comes now, David W. Asbach, the Acting United States Trustee for Region 5, "UST," by and through undersigned counsel, and files this objection to the debtor's proposed plan of reorganization, DKT. 110, in the above styled and numbered cause, and in support thereof will show unto the court as follows, to-wit:

I.

Paragraph no. 3 of Article VII, provides that the debtor, upon completion of chapter 11 plan payments and reopening of the chapter 11 case to obtain a discharge, shall not be required to pay a reopening fee, or pay UST quarterly fees, for the time it takes for the debtor to receive his discharge.

II.

UST quarterly fees are accessed, and required to be paid, during the pendency of a Chapter 11 case until such time that the case is converted or dismissed, whichever occurs first. *See* 28 U.S.C. § 1930(a)(6).[1]  UST quarterly fee assessment is a statutory requirement, and as such, cannot be waived by the court, or the UST.

---

[1] "The obligation under 1930, as amended, to pay UST fees terminates upon closure, dismissal, or conversion of a chapter 11 case."  *See United States Trustee v. CF & I Fabricators of Utah, Inc.* (In re CF & I Fabricators of Utah, Inc.) 150 F.3d 1233 (10th Cir. 1998).

III.

The court in *In re: Wren*, 315 B.R. 921 (M.D. GA 2004) specifically denied a debtor's efforts to retroactively close a chapter 11 reopened bankruptcy case in order to avoid payment of UST quarterly fees, finding such would not further the objectives of the Bankruptcy Code.[2] And as such, would unfairly prejudice a party in interest, the UST, who has the continuing duty to monitor the case. *Id*. at 925.

IV.

Furthermore, the debtor provides no authority for waiver of a reopening filing fee to the bankruptcy court.

V.

The debtor is not current in the filing of monthly operating reports. The UST cannot determine whether fees assessed to the debtor are correct, because of missing monthly operating reports. As such, confirmation of the proposed plan is prohibited by 11 U.S.C. § 1129(a)(12), unless it can be determined that the debtor has paid all fees payable under § 1930 of Title 28.

VI.

The UST reserves the right to object to any other matters relative to this proceeding at a hearing of this matter.

WHEREFORE, PREMISES CONSIDERED, the United States Trustee submits this objection to confirmation of the proposed plan of reorganization [DKT. 110] filed on behalf of the debtor in possession, and prays that the court will enter an order sustaining this objection. The United States

---

[2] The debtors in *In Re Wren*, argued that because it is not necessary for the case to be reopened for the court to exercise jurisdiction over an adversary proceeding, and the case is reopened for purely administrative convenience, upon request of the clerk's office, it is unfair to incur UST quarterly fees. *See Wren* at 924.

Trustee prays for general relief to which entitled in these premises.

                                    Respectfully submitted,

                                    DAVID W. ASBACH,
                                    Acting United States Trustee
                                    Region 5, Judicial Districts of
                                    Louisiana and Mississippi

                               by:*/s/ Sammye S. Tharp*
                                   Sammye S. Tharp,
                                   Trial Attorney

Sammye S. Tharp, Trial Attorney
United States Trustee, Region 5
501 E. Court Street, Suite 6-430
Jackson, MS 39201
Direct telephone no. (601)965-4142
Facsimile no. (601)965-5226
MS Bar no. 10016

## CERTIFICATE OF SERVICE

     I, Sammye S.Tharp, Trial Attorney for the U. S. Trustee, do hereby certify that a true and exact copy of the foregoing objection to confirmation has been tendered to the individual(s) listed below by U. S. Mail, postage prepaid, and/or CM/ECF this the 24th day of September 2018.

Craig M. Geno, Esq.
Craig M. Geno, PLLC
P.O. Box 3380
Ridgeland MS   39157
cmgeno@cmgenolaw.com

                                    */s/ Sammye S. Tharp*
                                    Sammye S. Tharp